ARTHUR W. BREEN, JR. *v.* WARDEN, CONNECTICUT
CORRECTIONAL INSTITUTION, SOMERS

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

Argued May 4—decision released July 26, 1977

*Stephen J. O'Neill,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Robert S. Brill,* with whom, on the brief, was *Igor I. Sikorsky, Jr.,* for the appellee (plaintiff).

HOUSE, C. J. This is an appeal by the defendant warden of the Connecticut correctional institution from a judgment of the Superior Court rendered in a habeas corpus proceeding ordering the warden to credit the plaintiff, Arthur W. Breen, Jr., with

1315 days confinement, so-called jail time, from October 24, 1969, to June 1, 1973, on a sentence imposed on the latter date. The sole issue on the appeal is whether the trial court erred in concluding that the plaintiff was entitled to this credit.

The finding reveals the following pertinent facts: On March 10, 1967, the plaintiff was sentenced to concurrent terms of not less than four nor more than eight years on each of two counts of robbery with violence and robbery while armed. On October 6, 1969, the plaintiff was transferred from Somers to the Connecticut Valley Hospital, from which he escaped on October 17, 1969. He was apprehended, charged with binding and robbery with violence, as well as with being a second offender, and returned to the correctional institution at Somers. On October 13, 1970, the plaintiff was sentenced to a term of not less than one and one-half years nor more than four years for the crime of escape. He was continuously confined at Somers from the time of his apprehension for escape on or about October 25, 1969, to March 9, 1973.

On May 21, 1972, the plaintiff was discharged on his first sentence which had been imposed on March 10, 1967. He was credited the time served so that his discharge on the second sentence (escape) occurred on May 27, 1973. On March 9, 1973, the plaintiff was paroled to a warrant and thereafter confined in the New Haven correctional center until June 1, 1973.

On June 1, 1973, in the Superior Court for New Haven County, the plaintiff was sentenced to an effective term of not less than three nor more than six years for the crimes of robbery with violence, binding, and as a second offender. These were the

offenses committed following his escape from the Connecticut Valley Hospital in 1969. On this sentence, he was credited with presentence "jail time" of eighty-four days, covering the period from March 9, 1973, to June 1, 1973, while he was in New Haven awaiting trial on the robbery, binding, and second offender charges. He received this credit for presentence confinement time, commonly referred to as "jail time," for the period from March 9, 1973, through June 1, 1973, because those dates were the only ones entered by the clerk of the court on the mittimus under which the plaintiff was delivered to the defendant at Somers. The parties stipulated that a detainer or an arrest warrant was on file at the correctional center in Somers to indicate that there were charges pending against the plaintiff, but the state was unable to produce a copy of the document or detainer which would normally have been filed against the plaintiff.

The trial court concluded that an inmate serving sentences for a first offense and a second offense should be afforded a portion of that time as presentence "jail time" credit toward a third offense. This was based on its interpretation of the provisions of §§ 18-97 and 18-98 of the General Statutes.[1]

---

[1] "[General Statutes] Sec. 18-97. CREDIT TOWARDS FINE OR SENTENCE FOR A PERIOD SPENT IN CUSTODY UNDER MITTIMUS. Any person receiving a fine or a sentence to a correctional institution or a community correctional center shall receive credit towards any portion of such fine as is not remitted or any portion of such sentence as to which execution is not suspended for any days spent in custody under a mittimus as a result of any court proceeding for the offense or acts for which such fine or sentence is imposed, provided he shall conform to the rules of the institution. Upon notification from the commissioner of correction, the clerk of the court shall enter such credit upon the order in the case of a fine, and upon the mittimus in the case of a sentence and it shall be the duty of the agency or person that held such person under such mittimus to inform the clerk

The defendant does not contest the correctness of the trial court's order for "jail time" credit for the period from March 9, 1973, to June 1, 1973, while the plaintiff was held in New Haven awaiting trial for the offenses committed during his escape, and, in fact, had already given that credit before the court's order. He does claim, however, that the plaintiff's confinement in Somers prior to the June 1, 1973, sentences and while serving under mittimuses issued pursuant to his sentences of March 10, 1967, and October 13, 1970, is not relevant to his entitlement to "jail time" credit on the June 1, 1973, sentence. With this contention we agree.

As our decision in *Houston* v. *Warden,* 169 Conn. 247, 250, 363 A.2d 121, makes clear, in order for an inmate to be entitled to presentence time-served credit pursuant to the provisions of § 18-97 of the General Statutes, it must appear that he was being confined under a mittimus which resulted from the offense for which the sentence was imposed. The pertinent language of § 18-97 reads: "Any person receiving . . . a sentence . . . shall receive credit

of the court of the proper amount of such credit. In the case of a fine each credit day shall be computed at the rate of ten dollars. In no event shall credit be allowed in excess of the fine or sentence actually imposed."

"[General Statutes] Sec. 18-98. COMMUTATION OF SENTENCE FOR PERIOD DURING WHICH BAIL WAS DENIED OR UNAVAILABLE. Any person who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned is entitled to commutation of his sentence by the number of days which he spent in a community correctional center from the time he was denied or was unable to obtain bail to the time he was so imprisoned. The commissioner of correction shall, if such person has conformed to the rules of the institution, credit such person with the number of days to which the supervising officer of the correctional center where such person was confined while awaiting trial certifies such person was confined between the denial of bail to him or his inability to obtain bail and his imprisonment."

towards . . . any portion of such sentence as to which execution is not suspended for any days spent in custody under a mittimus as a result of any court proceeding for the offense or acts for which such . . . sentence is imposed." In the present case, it does not appear that the plaintiff, during his confinement in Somers pursuant to the sentences imposed in 1967 and 1970, was in custody under a mittimus "as a result of any court proceeding for the offense or acts for which such . . . sentence" was imposed in 1973. The plaintiff argues that, in accordance with § 54-43 of the General Statutes, a mittimus must be presumed to have issued in connection with the robbery and second offender charges. However, his brief erroneously states that "the trial court found that the appellee was arrested pursuant to a Superior Court bench warrant on October 25, 1969." The court's finding is only that on October 25, 1969, the plaintiff was *apprehended* for escape and *charged* with binding and robbery with violence as well as with being a second offender. The parties stipulated that an arrest warrant was on file at the correctional center to indicate that there were charges pending. Presumably, the actual arrest occurred on March 9, 1973, when the plaintiff was "paroled to a warrant." It is only then that, in accordance with § 54-43, bail would have been set and a mittimus in connection with these charges would have issued if the plaintiff failed to post bail. For this time the plaintiff received credit.

There is error, the judgment is set aside and the case is remanded with direction to deny the petition for the writ of habeas corpus.

In this opinion the other judges concurred.