**Johnny Lee TORAND, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 83SC114.**

Supreme Court of Colorado, En Banc.

Jan. 21, 1985.

798

See also, Colo., 633 P.2d 1061.

David F. Vela, Colorado State Public Defender, Matthew L. Goldsmith, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for respondent.

QUINN, Justice.

We granted certiorari to review the unpublished decision of the court of appeals in *People v. Torand* (No. 81CA977), which affirmed the judgment of the District Court of Pueblo County denying credit for presentence confinement against an eight year sentence imposed on the defendant, Johnny Lee Torand, for the crime of sexual assault in the first degree. The court of appeals held that the defendant was not entitled to credit because the period of confinement was attributable to other criminal matters and not to the sexual assault transaction which resulted in the eight year sentence. We affirm in part, reverse in part, and remand the case for the entry of a corrected sentence.

### I.

On December 24, 1979, while on parole from a one-day-to-life sentence imposed under the Colorado Sex Offenders Act,[1] the defendant was arrested following a consent search of his apartment. He was thereafter confined in jail as a suspect in connection with a burglary and sexual assault which occurred on December 10, 1979, and a burglary and theft which occurred on December 24, 1979. A detainer for a parole violation was also lodged against the defendant based on his possession of a weapon uncovered in the consent search. On or about January 7, 1980, an information was filed in the District Court of Pueblo County (case no. 80CR50) charging the defendant with the crimes of first degree

burglary,[2] a class 3 felony, and first degree sexual assault while armed with and using a deadly weapon,[3] a class 2 felony, alleged to have been committed December 10, 1979. It is this case which is the subject of this appellate proceeding. A separate information also filed in the District Court of Pueblo County (case no. 80CR41) charged the defendant with burglary and theft based on the December 24, 1979, transaction. The defendant was unable to post bail on either case.

The defendant proceeded to trial in case no. 80CR41, which involved the burglary and theft charges arising from the December 24, 1979, incident. The jury acquitted the defendant of these charges on July 11, 1980. On July 14, 1980, three days later, defendant's parole was revoked and he was transferred to the Colorado State Penitentiary to resume his sentence under the Colorado Sex Offenders Act. The basis of the parole revocation was the defendant's possession of a weapon on December 24, 1979, in violation of the conditions of his parole. The defendant remained in the penitentiary until approximately July 29, 1981, when he was returned to the District Court of Pueblo County and, pursuant to a plea bargain in case no. 80CR50, entered a guilty plea to the reduced charge of first degree sexual assault not involving the use of a deadly weapon, a class 3 felony, in exchange for the dismissal of the burglary count. On the same day the district court imposed a sentence of eight years[4] to be served concurrently with the one-day-to-life sentence that the defendant was presently serving, but denied the defendant any credit for presentence confinement against the sentence. The district court ruled that due to the other charges of burglary and theft filed against him in case no. 80CR41, coupled with the parole detainer placed on him on the same day and the subsequent revo-

---

1. §§ 16–13–201 to –216, 8 C.R.S. (1978 & 1984 Supp.).

2. § 18–4–202, 8 C.R.S. (1978 & 1984 Supp.).

3. § 18–3–402, 8 C.R.S. (1978 & 1984 Supp.).

4. First degree sexual assault carried a presumptive sentence of four to eight years, plus one year of parole. § 18–1–105(1)(a)(I), 8 C.R.S. (1984 Supp.).

cation of parole, the defendant served no period of presentence confinement at the Pueblo County jail attributable to the first degree sexual assault charge for which the eight year sentence was imposed.

The defendant appealed the sentence to the court of appeals, which held that the defendant was not entitled to any credit for presentence confinement against the sexual assault sentence. We granted certiorari to consider whether section 16–11–306, 8 C.R.S. (1984 Supp.), requires that the defendant be credited with some or all of the confinement served by him prior to the imposition of the eight year sentence for first degree sexual assault.

■ The defendant argues that the 1979 amended version of section 16–11–306 mandates that credit be given for all presentence confinement served by an offender, whether such confinement relates to the criminal charge or conduct for which the offender is ultimately sentenced or to some other offense. We considered and rejected an identical argument in *Schubert v. People*, 698 P.2d 788 (Colo.1985), as we do here. We conclude, however, that section 16–11–306 requires the sentencing judge in this case to credit some of the presentence confinement served by the defendant against the eight year sentence for first degree sexual assault.

■ Section 16–11–306, 8 C.R.S. (1984 Supp.), which was enacted in 1979, states as follows:

A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted by the Department of Corrections.

In analyzing this statute in *Schubert*, we noted that its purpose was to eliminate the unequal treatment that could result to indigent offenders under the pre-1979 version

of the law, which reposed in the sentencing judge the discretion to grant or withhold credit for presentence confinement served in connection with the transaction for which the offender was to be sentenced. *Schubert* requires a sentencing judge to credit an offender with the longer of the following two periods: the time served as the result of the charge for which the sentence is imposed or the time served as the result of the conduct on which such charge is based. We stated in *Schubert:*

In determining whether a particular period of presentence confinement qualifies for credit under section 16–11–306, it is appropriate to ask the following question: Was the presentence confinement actually caused by the charge or conduct for which the offender is to be sentenced? .... While causation in this context does not mean that the charge or conduct for which the sentence is to be imposed must be the exclusive cause of the offender's confinement, it does mean that there must be a substantial nexus between such charge or conduct and the period of confinement for which credit is sought.

698 P.2d at 795.

■ Under the rule of causation announced in *Schubert*, the defendant in this case was entitled to credit for that period of presentence confinement extending from December 24, 1979, the date of his arrest, until his return to the Colorado State Penitentiary pursuant to the parole revocation on July 14, 1980. Until such time as the defendant's parole was revoked and he resumed service on the one-day-to-life sentence, the pending first degree burglary and sexual assault charges were a substantial factor in causing the defendant's confinement. The parole detainer was not the cause of the defendant's confinement during this period of time because the detainer was simply a notification to county jail officials that the defendant was wanted by correctional authorities for an alleged violation of the conditions of his parole. *See Cuyler v. Adams*, 449 U.S. 433, 436 n. 3, 101 S.Ct. 703, 706 n. 3, 66 L.Ed.2d 641

(1981); *Dobson v. United States,* 449 A.2d 1082, 1085 (D.C.App.1982). Its purpose was to ensure that the correctional authorities would be notified in advance of the defendant's release on the pending charges so that they could then proceed against him on the parole violation. L. Abramson, *Criminal Detainers* 5–6 (1979). Nor did the pendency of another case in the same jurisdiction serve to negate the substantial nexus between the charges in the instant case and the defendant's confinement in the Pueblo County jail. We pointed out in *Schubert* that when "multiple counts or cases are concurrently filed against a defendant in the same jurisdiction, and the defendant remains confined in that jurisdiction on all charges due to his inability to post bail, each charge would appropriately be considered a cause of the defendant's confinement." *Schubert,* 698 P.2d at 795; *see People v. Brown,* 107 Cal.App.3d 858, 863, 166 Cal.Rptr. 144, 147 (1980).

Upon revocation of the defendant's parole and his transfer to the Colorado State Penitentiary on July 14, 1980, however, the defendant's ensuing confinement at the penitentiary was not attributable to the burglary and sexual assault charges in the instant case. The basis for the revocation of the defendant's parole was his possession of a weapon discovered in the search of his room on December 24, 1979. Once the defendant's parole was revoked and he was received at the Colorado State Penitentiary, the sole cause of his confinement thereafter was the uncompleted prison sentence of one-day-to-life imposed long prior to the occurrence of the criminal conduct involved in the present case. The time served by the defendant after the resumption of the one-day-to-life sentence at the penitentiary would obviously be credited against that sentence. To grant the defendant credit for this same period of time against the eight year sentence imposed by the sentencing judge in this case would result in duplicative sentencing credits, a result not within the intendment of section 16–11–306, 8 C.R.S. (1984 Supp.). *Schubert,* 698 P.2d at 795; *see also In re Rojas,* 23 Cal.3d 152, 588

P.2d 789, 151 Cal.Rptr. 649 (1979); *People v. Brents,* 115 Ill.App.3d 717, 71 Ill.Dec. 222, 450 N.E.2d 910 (1983). Consequently, the defendant was not entitled to credit for that period of time served at the state penitentiary, as that confinement was causally unrelated to the charge or conduct for which he received the eight year sentence on July 29, 1981.

We reverse that part of the court of appeals' decision denying the defendant presentence confinement credit from December 24, 1979, to July 14, 1980, and affirm that part of the decision denying presentence confinement credit for any period subsequent to July 14, 1980. The case is remanded to the court of appeals with directions to return the case to the sentencing court to correct the sentence and mittimus in accordance with the views herein expressed.

KIRSHBAUM, J., does not participate.