The **PEOPLE of the State of Colorado**, Plaintiff-Appellee,

v.

**Calvin Roy NEALOUS**, Defendant-Appellant.

No. 83CA1062.

Colorado Court of Appeals, Div. I.

Feb. 14, 1985.

Rehearing Denied March 7, 1985.

Certiorari Denied July 1, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Pub. Defender, Michael J. Heher, Deputy State Pub. Defender, Jody Sorenson Theis, Deputy State Pub. Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Calvin Roy Nealous, appeals from a denial of his Crim. P. 35(a) motion to correct an allegedly illegal sentence. We agree with defendant that the trial court was required to give him credit for the period he served in jail before being sentenced on the charge of attempted escape. Thus, we reverse the order and remand the cause for resentencing.

While serving a sentence at a community responsibility center on work release, defendant walked away from the facility, was captured, and was then held in the county jail on a charge of escape. He pled guilty to attempted escape, and the court imposed a one-year sentence to run consecutive to his previous sentence.

In his post-conviction motion, defendant sought credit for his confinement from April 11, 1983, when he was arrested on

the escape charge until May 23, 1983, when he pled guilty and was sentenced for the attempted escape. However, the court declined to give him credit for these 43 days of presentence confinement, stating that the Department of Corrections had given him credit on his previous sentence for the 43 days. We agree with defendant that the credit should have been applied to his attempted escape sentence.

*Schubert v. People*, 698 P.2d 788 (Colo. 1984) is dispositive. There, the court ruled:

"Section 16–11–306 requires a sentencing judge to credit a defendant with that period of time spent in custody as the result of the charge for which the sentence is imposed or as the result of the conduct on which such charge is based."

Defendant was incarcerated from April 11 until May 23, 1983, in the Jefferson County Jail directly as a result of his conduct which led to the escape charge. Although his escape may not have been the exclusive cause of his confinement in that he would otherwise have spent the time on work release, the 43-day jail confinement, until defendant resumed service on his previous sentence, was connected to his escape charge. *See Torand v. People*, 698 P.2d 797 (Colo.1985). Hence, defendant was entitled to receive credit against the attempted escape sentence for this period of incarceration.

Although defendant appears erroneously to have received credit against his previous sentence for the 43 days of confinement and although he is not entitled to duplicate credit for time served, nevertheless, § 16–11–306, C.R.S. (1984 Cum.Supp.) requires that, without exception, credit for presentence confinement must be given with respect to the transaction for which the defendant is to be sentenced. *Schubert v. People, supra; Torand v. People, supra.* Therefore, the court may not ignore the legislative mandate, and defendant should be given credit on his sentence with respect to the attempted escape. Any duplication of credit may thereafter be administratively corrected by the Department of Corrections.

The order denying Nealous' motion is reversed, and the cause is remanded with directions that the mittimus be amended to reflect that defendant is entitled to 43 days of credit against his sentence.

TURSI, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

On December 2, 1982, defendant was sentenced to the Department of Corrections (the Department) for a term of 18 months after his guilty plea to second degree forgery. On February 10, 1983, he was transferred by the Department to the Community Responsibility Center in Lakewood as an inmate on community placement status. On March 12, he escaped. Time ceased to run on his forgery sentence. A warrant was issued for his arrest.

On April 11 he was arrested and was jailed. A Department "hold" was also placed on him. After a Department hearing, his parole eligibility date was recalculated, and he was reclassified to a more secure facility. Initially charged with escape, the charge was reduced to attempted escape. On May 23, he pled guilty to that charge and was sentenced to the Department for a term of one year to run consecutively with the forgery sentence being served.

From the time of his arrest on April 11, his confinement was credited as time served on his forgery sentence. For that reason, the trial court declined to give him credit on his sentence for attempted escape for the 43 days he spent in jail from the date of his arrest until he was sentenced on that charge.

The majority concludes that *Schubert v. People, supra* and *Torand v. People, supra,* mandate that these 43 days of confinement be credited on the sentence with respect to the attempted escape. I do not agree, and, therefore, respectfully dissent.

Admittedly, there is language in these cases that appears to support the majority's position. However, the rationale of

both cases is expressed in *Schubert* where the court states:

"To construe § 16–11–306 as requiring credit for any presentence confinement served in connection with an unrelated criminal charge or sentence would produce adverse consequences for the administration of justice that were obviously beyond the contemplation of the legislature.... This construction would also result in double credit for the offender who, prior to sentencing, was already serving time on a previously imposed sentence...."

Here, crediting the 43 days of presentence confinement (as to the attempted escape charge) against the earlier forgery sentence which he was then serving and to which the later sentence is consecutive, assures the defendant full credit against his total term of imprisonment—and he is entitled to no more.

I would affirm the trial court's denial of defendant's Crim. P. 35(a) motion.