**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Timothy N. MIDDLETON,
Defendant-Appellant.**

**No. 83CA1373.**

Colorado Court of Appeals,
Div. I.

Feb. 14, 1985.

Rehearing Denied March 21, 1985.

Certiorari Denied Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Massaro & Nugent, Edward J. Nugent, Grand Junction, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Timothy N. Middleton, appeals from a trial court judgment denying him presentence confinement credit on the sentence imposed upon his guilty plea to the charge of escape. We affirm.

On January 30, 1983, defendant escaped from the Delta County Correctional Center in Delta County, Colorado, where he was serving sentences for second degree burglary and menacing. He was subsequently arrested on February 4, 1983, in Mesa County where he was held for and charged with a burglary that had been committed in Mesa County following his escape. He was also held there on the escape charge and additional charges which arose in Delta County. Defendant was confined in the Mesa County jail from the time of his arrest on February 4, until April 29, 1983, (85 days) when he was transferred to the Department of Correction's Shadow Mountain Facility under the original sentences for burglary and menacing.

On August 11, 1983, defendant was transported back to Mesa County where the district court sentenced him for the burglary that he had committed in that county. Defendant concedes that the court in Mesa County granted him presentence confinement credit of 85 days on this burglary sentence.

After sentencing in Mesa County, defendant was taken to Delta County district court on August 12, 1983, for disposition of his escape charge. He pleaded guilty to the escape charge, the additional charges were dismissed, and he was sentenced to six years, to be served consecutively with the sentences originally imposed on the burglary and menacing convictions. The court refused to grant any presentence confinement credit on the escape sentence.

Defendant contends that in addition to receiving the presentence credit on the burglary sentence in Mesa County he is entitled to the same credit on his escape sentence. We disagree.

▬ Under § 16–11–306, C.R.S. (1984 Cum.Supp.), one is entitled only to credit for presentence confinement caused by a charge or conduct for which the defendant is to be sentenced. *Schubert v. People*, 698 P.2d 788 (1985). A "substantial nexus" must exist between the charge or conduct and the sentence for which credit is sought. *Schubert, supra. See also Torand v. People*, 698 P.2d 797 (1985).

▬ Here, defendant was held in the Mesa County jail pending disposition of the Mesa County burglary charge. After he was sentenced for this charge in Mesa County District Court, he was transferred to another jurisdiction to enter his plea and be sentenced for the escape charge that arose there. The primary cause of defendant's confinement in the Mesa County jail was the burglary charge, not the Delta County escape charge. Thus, the court was correct in refusing to credit the time spent in the Mesa County jail to the escape sentence. *Schubert, supra.* To have done so would have resulted in duplicative sentencing credits contrary to legislative in-

tent. *Torand, supra; Schubert, supra; see also People v. Saiz,* 660 P.2d 2 (Colo. App.1982).

We disagree with defendant's contention that the trial court erred in not granting an evidentiary hearing prior to denying his Crim.P. 35(c) motion. A hearing is not required under Crim.P. 35(c) if the motion presents only issues of law, or issues which are clearly without merit. *People v. Trujillo,* 190 Colo. 497, 549 P.2d 1312 (1976). There were no factual issues here which required an evidentiary hearing.

We also reject defendant's claim that his rights to equal protection of the law have been violated by the court's denial of presentence confinement credit. *Godbold v. District Court,* 623 P.2d 862 (Colo. 1981).

Sentence affirmed.

BABCOCK and METZGER, JJ., concur.