The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Michael Wayne FREEMAN,
Defendant-Appellant.

No. 84CA0537.

Colorado Court of Appeals,
Div. I.

April 18, 1985.

Rehearing Denied, People
May 9, 1985.

As Modified on Denial of Rehearing,
Freeman June 20, 1985.

Certiorari Granted Sept. 3, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Elisa Moran, Shawnee, Okl., for defendant-appellant.

PIERCE, Judge.

Defendant, Michael Wayne Freeman, appeals from a denial of his Crim.P. 35 motion seeking a reduction of his sentence and for credit for presentence confinement. We affirm the sentence and reverse the order denying credit for presentence confinement.

On September 8, 1983, defendant was incarcerated in the Denver County Jail on a theft charge. On September 27, 1983, while still incarcerated in Denver, a warrant for his arrest was issued on Jefferson County theft charges, thus precluding defendant's release from the Denver County Jail.

Defendant was sentenced January 6, 1984, in Denver, to 18 months probation. Thereafter, he was sentenced on March 12, 1984, to three years on the Jefferson County theft charges. He received credit on this charge for confinement from January 6, 1984, through March 12, 1984, which totalled 67 days, but received no credit for any confinement prior to January 6, 1984.

I.

■ Defendant filed a motion for reduction of sentence on April 13, 1984, and a notice of appeal May 3, 1984. He seeks review pursuant to § 18–1–409, C.R.S., (1978 Repl.Vol. 8) raising issues concerning the propriety of his sentence. Defendant claims that the sentence is too severe and should be reduced. However, he failed to file timely his notice seeking review of his sentence as required by § 18–1–409(2), C.R.S., (1978 Repl.Vol. 8), and C.A.R. 4(c)(1)(II)(A), as in effect at that time.

Therefore, appellate review of the issues raised by defendant concerning the propriety of his sentence is foreclosed. *People v. Malacara*, 199 Colo. 243, 606 P.2d 1300 (1980); *People v. Carey*, 701 P.2d 89 (Colo. App.1984).

II.

Defendant also claims additional credit for his presentence confinement. As this is a challenge to the propriety of the sentence proceeding, rather than the sentence itself, it is appropriate for appellate review. *See People v. Malacara, supra.*

We agree with defendant that the trial court was required to give him credit for the entire period he served in jail which related to the Jefferson County charges.

■ Section 16–11–306, C.R.S. (1984 Cum.Supp.) requires that, without exception, credit for presentence confinement be given with respect to the transaction for which the defendant is to be sentenced. *Schubert v. People*, 698 P.2d 788 (Colo. 1985); *Torand v. People*, 698 P.2d 797 (Colo.1985); *People v. Nealous*, 703 P.2d 624 (Colo.App.1985).

Although the Denver sentence is not part of this appeal, the prosecution argues that the additional credit would be duplicative since defendant's confinement was considered by the Denver court in its grant of probation. We disagree with this argument.

■ Section 16–11–306, C.R.S. (1984 Cum.Supp.) concerns sentences to imprisonment in a state correctional facility under the supervision of the Department of Corrections. *See Castro v. District Court*, 656 P.2d 1283 (Colo.1983). As with incarceration in a county jail, a grant of probation does not put the defendant under the supervision of the Department of Corrections, nor is there a statutorily mandated deduction of the period of presentence confinement from a term of probation. *See Castro, supra;* § 16–11–101, et seq., C.R.S.

**530**

Consideration of defendant's confinement by the Denver court, therefore, does not eliminate the mandate of § 16–11–306, C.R.S. (1984 Cum.Supp.). *See Schubert, supra.* Thus, although defendant's confinement is appropriately attributable to both the Denver and the Jefferson County charges, the credit here is only applicable to the Jefferson County three-year sentence of imprisonment.

Such credit should date back to September 27, 1983, when the Jefferson County arrest warrant was issued and effected a hold on defendant's release from the Denver jail. This additional period of credit ends January 6, 1984, totalling 101 days, because the trial court has already properly credited defendant for the period from January 6, 1984, to March 12, 1984, 67 days.

### III.

Defendant also argues that pursuant to a plea agreement, the Jefferson County sentence was to run concurrently with the Denver County probation; thus, he must be given credit from the day that he was incarcerated in Denver. We disagree.

A sentence which runs concurrently with another does not begin to run at some time before a defendant's conviction. Credit for presentence time is deducted before the sentence goes into effect, and limits the length of the sentence at the time it is imposed and set forth in the mittimus. *See Schubert, supra.*

Defendant's remaining contention lacks merit.

The sentence is affirmed. The order denying defendant's motion for presentence confinement credit is reversed, and the cause is remanded with directions that the mittimus be amended to reflect that defendant is entitled to 101 additional days, thus reflecting a total of 168 days of credit against his sentence.

SMITH and BABCOCK, JJ., concur.