The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Frank ETTS, Defendant-Appellant.

No. 85CA0262.

Colorado Court of Appeals,
Div. I.

May 15, 1986.

Rehearing Denied June 19, 1986.

Certiorari Denied (People) Sept. 29, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin J. Gerra, III, Linda A. Per-

kins, Deputy State Public Defenders, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Frank Etts, appeals from a denial of his Crim.P. 35 motion for correction of sentence in which he sought credit for 116 days of presentence confinement. We reverse and allow a partial credit.

Defendant was arrested in Adams County on September 10, 1983, and posted bail two days later. In mid-October 1983, he was arrested in Denver County and incarcerated there on Denver charges and also because of a hold order from Arapahoe County. Charges were also pending against defendant in Jefferson County.

On November 25, 1983, defendant was transported from Denver to Adams County for a scheduled preliminary hearing. Defendant, however, was granted a continuance of the preliminary hearing in order to allow him to obtain counsel. In addition, at the request of the surety, the trial court discharged defendant's bond. Defendant was thereafter transported back to jail in Denver County.

On January 30, 1984, defendant was sentenced in Adams County to 12 years and 3 years of incarceration, the sentences to run concurrently. Further, those sentences were ordered to run concurrently with a 10-year sentence that had been imposed on defendant in Denver, and two four-year-and-one-day sentences imposed in Jefferson and Arapahoe Counties.

At the time of defendant's sentencing in Adams County, he had already been sentenced in the other counties, and was awaiting transfer to the department of corrections. Defendant had been credited with 116 days for presentence confinement by Denver, Jefferson, and Arapahoe Counties. However, he was credited with only four days by the Adams County District Court.

On appeal, defendant seeks credit for his presentence confinement in Denver County from November 25, 1983, when the Adams County bond was discharged, through January 30, 1984, when Adams County im-

posed the 12-year concurrent sentence. We agree that defendant must receive credit for this time served.

Section 16-11-306, C.R.S. (1985 Cum.Supp.) requires that, without exception, credit for presentence confinement be given with respect to the transaction for which the defendant is to be sentenced. *Schubert v. People*, 698 P.2d 788 (Colo. 1985); *People v. Nealous*, 703 P.2d 624 (Colo.App.1985). The transaction for which the defendant is to be sentenced need not be the exclusive cause of his confinement, but rather there must be a "substantial nexus between such charge or conduct, and the period of confinement for which credit is sought." *Schubert v. People, supra.*

A defendant is not entitled to duplicative credit for time served. *Torand v. People*, 698 P.2d 797 (Colo.1985); *People v. Nealous, supra.* However, in the case of concurrent sentences, as here, the period of presentence confinement should be credited against each sentence. *See Schubert v. People, supra.* Therefore, defendant will be assured of receiving full credit for his presentence confinement against the total term of imprisonment without resulting in duplicative sentencing credit as would occur with consecutive sentences. *See Schubert v. People, supra; People v. Middleton*, 704 P.2d 326 (Colo.App.1985).

Here, once the Adams County bond was revoked, defendant's incarceration was attributable to all of the charges pending at that time. Thus, along with the Denver, Jefferson, and Arapahoe County charges, the Adams County charges were a substantial cause of defendant's confinement in Denver County jail. He is, therefore, entitled to credit against his concurrent sentence for that confinement.

Defendant's incarceration from the time of his arrest in October until the time that his Adams County bond was discharged in November, was not causally related to the Adams County charges for which he was sentenced in January. Therefore, defendant is not entitled to 116 days of credit as he initially requested, but

rather he is entitled only to 67 days of credit which encompass his confinement from November 25, 1983, when the Adams county bond was discharged, through January 30, 1984, when he received his final concurrent sentence.

Because of our disposition, we need not address defendant's remaining contention.

The order denying defendant's motion for presentence confinement credit is reversed, and the cause is remanded with directions that the mittimus be amended to reflect that defendant is entitled to 63 days in addition to the four days already credited, thus reflecting a total of 67 days of credit against his concurrent Adams County sentences.

STERNBERG and METZGER, JJ., concur.