The **PEOPLE** of the State of Colorado, Petitioner,

v.

**Michael Wayne FREEMAN,** Respondent.

No. 85SC215.

Supreme Court of Colorado, En Banc.

April 20, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for petitioner.

Elisa Moran, Denver, for respondent.

ERICKSON, Justice.

■ We granted certiorari to review the court of appeals decision in *People v. Freeman,* 705 P.2d 528 (Colo.App.1985), which held that the defendant, Michael Freeman, must be granted presentence confinement credit against a Jefferson County sentence for time spent in the Denver County Jail on unrelated charges. We reverse and remand with directions.[1]

## I.

On September 8, 1983, the defendant was arrested and confined in the Denver County jail on a charge of robbery of the elderly, section 18–4–304, 8B C.R.S. (1986). On September 27, 1983, while the defendant was incarcerated in the Denver County Jail, a warrant was issued in Jefferson County for the defendant's arrest on charges of residential burglary, section 18–4–203, 8B C.R.S. (1986), and felony theft, section 18–4–401, 8B C.R.S. (1986). The Jefferson County and Denver County charges are for unrelated offenses.

The defendant remained incarcerated in the Denver County jail until January 6, 1984, when he pleaded guilty to misdemeanor theft and was sentenced to probation by the Denver District Court. During his confinement in the Denver County jail, the defendant was transferred periodically to Jefferson County authorities on writs of habeas corpus *ad prosequendum* for court appearances in that county. After he was convicted, the defendant was transferred to the Jefferson County jail to face the charges pending against him in that jurisdiction. The defendant was confined in the Jefferson County jail until March 12, 1984, when he pleaded guilty to felony theft and was sentenced to three years in the Department of Corrections. The Jefferson County District Court ordered the sentence to run concurrently with the defendant's Denver probation, and granted the defendant sixty-seven days of presentence confinement credit against his three-year sentence. The credit reflected the defendant's imprisonment in the Jefferson County jail, but not his confinement in Denver.

On April 13, 1984, the defendant filed a motion under Crim.P. 35(a)[2] with the Jefferson County District Court to obtain credit for the period of time he was incarcerated in the Denver County jail while the Jefferson County warrant was outstanding. The court denied the motion, and the court of appeals reversed. The court of appeals concluded that the defendant's confinement in the Denver County jail after the issuance of the Jefferson County warrant was "appropriately attributable" to the Jefferson County charges, and that the defendant was entitled to 101 days of additional presentence confinement credit. We conclude that presentence confinement credit cannot be awarded on the basis of the Jefferson County warrant issued in this case, and reverse the court of appeals.

## II.

■ Section 16–11–306, 8 C.R.S. (1984 Supp.), provided at all times relevant to this case:

1. Although the defendant apparently has served his sentence and review of the trial court's ruling will not result in the defendant's release from the Department of Corrections, the writ of certiorari will not be dismissed as moot. This case falls within the exception to the mootness doctrine that allows review of matters "capable of repetition yet evading review." *People v. Quinonez,* 735 P.2d 159, 161 n. 1 (Colo.1987); *Urevich v. Woodard,* 667 P.2d 760, 762 (Colo.

1983); *Goedecke v. Department of Institutions,* 198 Colo. 407, 410 n. 5, 603 P.2d 123, 124 n. 5 (1979).

2. Crim.P. 35(a) provides: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted from the sentence by the department of corrections.[3]

Section 16–11–306 mandates that presentence confinement in a jail facility becomes part of the time served on the convicted person's sentence. *Massey v. People*, 736 P.2d 19, 21 (Colo.1987); *People v. Chavez*, 659 P.2d 1381, 1383–84 (Colo.1983).

■ In *Schubert v. People*, 698 P.2d 788 (Colo.1985), and *Torand v. People*, 698 P.2d 797 (Colo.1985), we stated that a defendant is entitled to presentence confinement credit for all periods of presentence imprisonment which were actually caused by the charges or conduct that form the basis of the sentence. *Schubert*, 698 P.2d at 795; *Torand*, 698 P.2d at 800. In the presentence confinement context, the charges or conduct need not be the exclusive cause of the defendant's confinement, but there must be a substantial nexus between the charge or conduct and the period of confinement for which credit is sought. *Massey v. People*, 736 P.2d at 23; *Schubert*, 698 P.2d at 795.

■ In this case, the defendant has not proven, and the record does not establish, that there was a substantial nexus between the Jefferson County charges and the defendant's imprisonment in the Denver County jail, or that the issuance of the Jefferson County arrest warrant was the actual cause of his confinement in Denver. In *Torand v. People*, we held that a defendant's presentence incarceration was not caused by the issuance of a parole detainer where the detainer was simply a notification to county jail officials that the defendant was wanted by correctional authorities for an alleged violation of the conditions of his parole. 698 P.2d at 800. Similarly, the defendant in this case has not established that the issuance of the Jefferson County arrest warrant delayed the resolution of the Denver County charges, prevented the defendant's release from the Denver County jail, or contributed in any way to his confinement outside of Jefferson County. The defendant accordingly is not entitled to presentence confinement credit for periods of time he was incarcerated in the Denver County jail. *See Massey v. People*, 736 P.2d 19 (Colo. 1987); *Culotta v. Pickett*, 506 F.2d 1061 (7th Cir.1974), *cert. denied*, 421 U.S. 968, 95 S.Ct. 1961, 44 L.Ed.2d 458 (1975); *Breen v. Somers*, 173 Conn. 312, 377 A.2d 335 (1977). *But see People v. Gleason*, 139 Mich.App. 445, 363 N.W.2d 3 (1984). The trial court properly refused to credit the defendant's Jefferson County sentence with his imprisonment in the Denver County jail after the Jefferson County warrant was issued for his arrest.

The judgment of the court of appeals is reversed, and the case is remanded to the court of appeals with directions to reinstate the district court's denial of the defendant's motion under Rule 35.

Justice LOHR dissents, and Justice DUBOFSKY joins in the dissent.

Justice LOHR dissenting:

The majority holds that the time spent by the defendant in Denver County jail between the time of issuance of the Jefferson County warrant and the time he was transferred to the Jefferson County jail cannot be credited against a sentence imposed for

---

**3.** On July 1, 1986, the General Assembly amended section 16–11–306 to read:

A person who is confined *for an offense* prior to the imposition of sentence *for said offense* is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted from the sentence by the department of corrections.

Ch. 124, sec. 3, § 16–11–306, 1986 Colo.Sess. Laws 733, 734 (amended portions emphasized).

his conviction in Jefferson County. I respectfully dissent.

Section 16–11–306, 8 C.R.S. (1984 Supp.), provided in relevant part that "[a] person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement." In *Schubert v. People*, 698 P.2d 788 (Colo.1985), we held that this statute "requires a sentencing judge to credit a defendant with that period of time spent in custody as the result of the charge for which the sentence is imposed or as the result of the conduct on which such charge is based." *Id.* at 795. In determining whether presentence confinement meets that test, it is appropriate to ask "[w]as the presentence confinement actually caused by the charge or conduct for which the offender is to be sentenced?" *Id.* at 795. "While causation in this context does not mean that the charge or conduct for which the sentence is to be imposed must be the exclusive cause of the offender's confinement, it does mean that there must be a substantial nexus between such charge or conduct and the period of confinement for which credit is sought." *Id.* at 795.

Admittedly, our formulation of the standard for determination of whether a charge is the cause of confinement is not calculated to yield litmus test certainty in application. In the present case, however, I would conclude that causation is amply established. The defendant was held in jail in Denver because of two charges, one filed in Denver and the other in Jefferson County. Dismissal of either would not have gained freedom for the defendant. Satisfying bail requirements for either alone would also not have resulted in the defendant's release. Under these circumstances, I am persuaded that there is a substantial nexus between the Jefferson County charge and the period of the defendant's confinement subsequent to the issuance of the Jefferson County warrant. *But see Schubert v. People*, 698 P.2d at 796–97 (defendant not entitled to credit on Jefferson County sentence for time spent in Boulder County jail awaiting disposition of Boulder County charges, even though Jefferson County first had custody of the defendant and transferred

him to Boulder County for the purpose of resolving the charges in that latter county).

As Judge Pierce held in his opinion for the Colorado Court of Appeals in this case, the defendant is entitled to credit for the time spent in the Denver County jail from the time "the Jefferson County arrest warrant was issued and effected a hold on defendant's release from the Denver jail." *People v. Freeman*, 705 P.2d 528, 530 (Colo.App.1985). I would affirm the judgment of the court of appeals.

I am authorized to say that Justice DUBOFSKY joins in this dissent.