The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James W. GARCIA, Defendant–Appellant.

No. 86CA1537.

Colorado Court of Appeals, Div. III.

May 12, 1988.

Rehearing Denied June 9, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Marilyn S. Chappell, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, James W. Garcia, appeals from the denial of his Crim.P. 35 motion seeking credit for presentence confinement. We affirm.

On April 30, 1985, defendant was arrested in California and held on California charges and a fugitive warrant from Denver. On May 29, 1985, defendant was returned to Colorado and held in the Denver County Jail.

On June 5, 1985, the Jefferson County Court notified Denver authorities that defendant was wanted on a 1981 theft charge. Defendant pleaded guilty to the theft charge on September 9, 1985, and the court sentenced him to eight months in the Jefferson County Jail. The court elected to grant defendant presentence confinement credit for the period from June 5, 1985, to September 9, 1985.

Following completion of the Jefferson County sentence, the defendant pleaded guilty to the Denver charges. In sentencing defendant to the Department of Corrections, the Denver court granted credit for the time spent awaiting extradition in California from April 30, 1985, and the period of confinement in the Denver County jail from May 29, 1985, to June 5, 1985.

On appeal, defendant contends the trial court erred in denying him presentence confinement credit for the period from June 5, 1985, to September 9, 1985. We disagree.

Section 16-11-306, C.R.S. (1986 Repl. Vol. 8A) requires that a defendant receive credit for all periods of presentence confinement attributable to the charge for which the defendant is to be sentenced. *Schubert v. People*, 698 P.2d 788 (Colo. 1985). Any period so credited is viewed as time served on the defendant's sentence. *People v. Freeman*, 735 P.2d 879 (Colo. 1987). If presentence confinement is attributable to multiple charges, credit will be applied to each sentence resulting from those charges; however, a defendant will not be entitled to duplicate credits. *Massey v. People*, 736 P.2d 19 (Colo.1987).

The statutorily mandated credit applies only where a defendant is sentenced to a facility under the supervision of the Department of Corrections. *Castro v. District Court*, 656 P.2d 1283 (Colo.1982). The Jefferson County court was therefore not required to grant defendant credit for the time spent in the Denver County jail. However, once the credit was granted, the presentence confinement became part of

the Jefferson County sentence. *See Schubert v. People, supra.* Since credit cannot be granted for time served on a previously imposed sentence, *Schubert v. People, supra,* the trial court was correct in denying defendant's Crim.P. 35 motion.

Sentence affirmed.

METZGER and HUME, JJ., concur.