[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition for habeas corpus relief from illegal confinement resulting from the respondent's alleged miscalculation of pretrial credits to which the petitioner claims he is entitled.
On various dates before May 10, 1990, the petitioner was released after posting bonds on a number of criminal cases. On May 10, 1990, he was again arrested on charges of murder and conspiracy to commit murder and was unable to post bond for that case. Having lost a motion to reduce bond in that case on August 10, 1990, the petitioner's attorney on that date requested that the bail in his other cases, which he had previously posted, be increased so that the petitioner might possibly receive pretrial jail and good time credit on those other cases if eventually convicted on them. As to some of these cases, including a case involving a charge of assault first degree, the trial judge, in chambers, granted this request and directed his clerk to note the increase. However, this increase in the amount of bond was never recorded nor effectuated by the issuance of a mittimus with respect to the assault first degree file.
In February 1991, the petitioner was tried on the murder case but was convicted only on the conspiracy count. On March 7, 1991, after this verdict, but before sentencing, the petitioner entered CT Page 252 guilty pleas to some of the other outstanding files against him including the file charging him with assault first degree. On April 26, 1991, the petitioner was sentenced on all files receiving, among other concurrent sentences irrelevant to this habeas action, a twenty year prison term for the conspiracy to commit murder charge and ten years incarceration, execution suspended after six years, probation three years on the assault first degree case, concurrent with the twenty year term.
On July 28, 1992, our Appellate Court reversed the petitioner's conspiracy conviction and ordered that a judgment of acquittal enter as to that charge, State v. Estrada, 28 Conn. App. 416
(1992). As a consequence of this acquittal, under Connecticut General Statutes 53a-38(b)(1), the sentence imposed on the assault first degree charge became the "controlling" sentence for purposes of determining the time the petitioner must serve in prison.
In essence, the petitioner makes two claims. First, he contends that the respondent must recognize the August 10, 1990, date as the true commencement date for pretrial credit, under Connecticut General Statutes 18-98d, for the assault first degree case even though a mittimus was never issued on that date for that file. Secondly, the petitioner wants the pretrial credit which he accrued in the murder case from May 10, 1990, to August 10, 1990, applied to the sentence he received on the assault first degree case. The petitioner claims that failure to afford him this pretrial credit violates his due process and equal protection rights as guaranteed by the federal and state constitutions.
 I
As to the first contention, the court agrees that the petitioner's records ought to be rectified to reflect the order of the trial judge increasing the amount of the petitioner's bond on August 10, 1990, with respect to the assault first degree file (DN 34889). The petitioner's trial attorney, James Ruane, testified at the habeas hearing as to the judge's granting of his request and direction to the clerk. The court finds this testimony credible, especially in light of the fact that bonds in other of the petitioner's cases were also raised at about the same time.
The petitioner should incur no penalty because of a clerical omission. Rather than attempt to dictate to the respondent the precise calculation of this additional credit, the court orders relief in the form of the issuance of a mittimus, nunc pro tunc, CT Page 253 indicating a commitment into custody as of August 10, 1990, on file DN 34889, the assault first degree case. The court trusts the respondent will accurately recalculate the credit which results from this added information.
 II
As to the second contention, the court disagrees that the pretrial credit earned as to the murder case may be applied to the sentence imposed for a different case under Connecticut General Statutes 18-98d. The same interpretation of 18-98d was squarely addressed and rejected by our Supreme Court in Payton v. Albert,209 Conn. 23 (1988). The petitioner attempts to distinguish his situation from the clear holding of Payton v. Albert, supra, by pointing to the differences between the order of the arrest dates in that case compared to the order in his own. The court finds this distinction immaterial to the holding in Payton v. Albert, supra.
While that case did describe, by way of example, a scenario whereby a prisoner could "bank" pretrial credit toward yet to be charged offenses, Ibid, p. 33, this example was not critical to the holding in that case. The Court noted that, under predecessor statutes, it had been previously held that "transfers of jail time credit were not permitted," Ibid, p. 29. The Court quoted the holdings in Houston v. Warden, 169 Conn. 247 (1975); and Breen v. Warden, 173 Conn. 312 (1977) when it stated that "it must appear that [the petitioner] was confined under a mittimus which resulted from the offense for which the sentence was imposed," Ibid., p. 30 (emphasis present). These observations contain no proviso that nontransferability of pretrial credit between different cases arises only if the pretrial credit was earned before the file to receive the benefit of the transfer came into being.
It is significant that one of the cases relied upon by the Court in Payton v. Albert, supra, was Houston v. Warden, supra. In Houston v. Warden, supra, the order of arrest was similar to that in the instant case, i.e. the case to which the petitioner desired application of the pretrial credit predated the pretrial confinement in a different case, and dissimilar to the order of arrest in Payton v. Albert, supra. If the "banking" of pretrial credit for future cases was the foundation for the holding in Payton v. Albert, supra, then Houston v. Warden, supra, would have been an inapposite precedent to cite. CT Page 254
By its own words, the Court in Payton v. Albert, supra, viewed its holding as an extension of previous holdings in Houston v. Warden, supra, and Breen v. Warden, supra, to a successor statute, viz. 18-98d. At pp. 31 and 32, the Court states, "we do not modify our earlier position that our legislature has not intended to authorize the transfer of jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense." The distinction that the present petitioner attempts to draw to avoid the adverse ruling in Payton v. Albert, supra, is meritless.
With respect to the petitioner's equal protection argument, this contention was also addressed and rejected in Payton v. Albert, supra, p. 34. There, the Court concluded that the discouragement of criminal activity, which might arise if the transfer of pretrial credit were permitted between files, was a compelling state interest justifying the refusal to transfer pretrial credit, ibid.
In addition, this court concludes that the respondent's interpretation of 18-98d, as construed by the Court in Payton v. Albert, supra, does not discriminate between classes as claimed by the petitioner. The petitioner asserts that 18-98d, as construed, unfairly discriminates between the class of persons who earned pretrial credit and were later acquitted and those who are later convicted and sentenced. To the contrary, 18-98d treats both classes equally, i.e. pretrial credit is applied to any future sentence eventually imposed in that case.
While it is obvious that a person who is later acquitted at trial or, as in the instant case, after a successful appeal, has no sentence against which the pretrial credit might be applied, the same result obtains for a person who is convicted but receives no confinement, or a sentence of confinement less than his earned pretrial credit, or a fully suspended sentence. Indeed as a logical extension of the petitioner's argument, a prisoner ought to be allowed to "bank" unused pretrial credit against future sentences, precisely the evil that was condemned in Payton v. Albert, supra. It is not the provisions of 18-98d which cause the disparate result, but rather the outcome of the trial, an independent event, which produces the inability to use earned pretrial credit.
The petitioners equal protection argument is analogous to a claim that it is a denial of equal protection to require universal CT Page 255 vaccination of children for a particular disease because some of those children, who had to endure the pain, expense, and risk of vaccination, might never have been exposed to the disease anyway and reap no benefit for this burden while other children did.
For the above reasons, the petition is granted as to the issuance of a mittimus, as described above, only.
Sferrazza, J.