[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO VACATE OR MODIFY SENTENCE
The defendant filed a Motion to Vacate or Modify Sentence in the above captioned matter. The defendant has been sentenced under at least four separate dockets and has received presentence confinement credit for all four separate dockets. The sentences that are presently at issue are those under docket nos. 103279 and 17132.
On May 11, 1995, the defendant was sentenced to five years (1,826 days) under docket number 17132 for offenses that allegedly occurred on November 10, 1994.[1] The defendant was given presentence confinement credit for 224 days, including the period between March 22, 1994, through June 1, 1994, and the period between December 9, 1994, through May 11, 1995.[2] On November 28, 1994, the defendant was arraigned under docket number 103279 for offenses that allegedly occurred on November 9, 1994. On August 23, 1996, he was sentenced to 15 years suspended after seven years, with three years of probation. The sentence under docket number 103279 was ordered to run consecutively to the sentence that the defendant was serving as of August 23, 1996. On August 21, 2001, the court granted the defendant's motion to modify by applying 164 days of presentence confinement credit to the sentence under docket number 103279.[3]
Subsequently, the court received a written correspondence from the Department of Corrections dated August 24, 2001, which was brought to the court's attention by its Criminal Caseflow Coordinator, Attorney Jennifer Robinson, Bridgeport Superior Court.
The Department of Corrections, Central Records, informed the court that Mr. Doehrer had already received credit for these days under docket number 17132.
On September 5, 2001, the court, sua sponte, placed the matter on. the docket for reconsideration of the aforementioned motion to vacate or modify sentence.
Presentence confinement credit for consecutive sentences must be calculated in accordance with Connecticut General Statutes § 18-98d
and § 53a-38 (b)(2). Section 18-98d(a)(1) provides, in relevant part, that "any person who is confined to a community correctional center or a correctional institution . . . under a mittimus or because such person is unable to obtain bail or is denied bail, shall, if subsequently CT Page 16359 imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinementshall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement. . . ." (Emphasis added.) Section 53a-38 (b) provides that "[a] definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run; (2) if the sentences run consecutively, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term."
In Payton v. Albert, 209 Conn. 23, 547 A.2d 1 (1988), the Supreme Court explained the application of §§ 18-98d and 53a-38 (b)(1) to a case where a defendant has received concurrent sentences under multiple dockets. In Payton, the defendant was arrested and charged under docket number 262088 on July 22, 1986, for offenses that allegedly occurred on July 21, 1986. The defendant remained in pretrial confinement on these charges until he posted bail on November 12, 1986, 113 days after his arrest. On January 16, 1987, the defendant was sentenced to a term of imprisonment of two and one-half years. In the meantime, on August 28, 1986, the defendant was charged under docket number 263741 for an offense that allegedly occurred on June 11, 1986. He remained in pretrial confinement on this charge until he posted bail on November 12, 1986, seventy-six days after his arrest. On January 16, 1987, the defendant was sentenced to a second term of imprisonment of two and one-half years, to run concurrently with the sentence under docket number 262088. ThePayton court held that the Commissioner of Correction ("Commissioner") properly calculated the defendant's effective release date. The original release date under docket number 263741 would have been July 15, 1989. That release date was advanced by seventy-six days of pretrial confinement credit, plus twenty-six days of good time credit to arrive at a release date of April 4, 1989.[4]
In arriving at its holding, the court focused on the requirement of § 18-98d (a)(1) that "each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement. . . ." In its discussion of the history of § 18-98d, which merged General Statutes §§ 18-97 and 18-98, the court stated, "[i]t is evident . . . that with the merger of the two statutes, there is now only a single jail time credit applicable to presentence confinements." Id., 31. Further, the court reaffirmed its earlier holding, under both Houston v. Warden, 169 Conn. 247, 363 A.2d 121
CT Page 16360 (1975), and Breen v. Warden, 173 Conn. 312, 377 A.2d 335 (1977), that "our legislature has not intended to authorize the transfer of jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed upon conviction for another offense." Paytonv. Albert, supra, 209 Conn. 31-32.
The Supreme Court has never directly addressed the issue of the proper calculation of presentence confinement credit when a defendant has received consecutive sentences. The plain language of §§ 18-98d and53a-38, however, together with Payton's holding that credit for presentence confinement under one sentence cannot be transferred to another sentence, make clear that a defendant is entitled to only one day for each day of presentence confinement. specifically, § 18-98d(a) (2) provides that "the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement. . . ." (Emphasis added.) Therefore, once a defendant is sentenced, he may not receive credit on a subsequent sentence imposed under a different docket, because the reason for his confinement is that he was sentenced under the first docket. See Steve v. Commissioner ofCorrection, 39 Conn. App. 455, 469, 665 A.2d 168, cert. denied,235 Conn. 929, 667 A.2d 555 (1995) (holding that the defendant was not entitled to presentence credit for time spent in custody while serving a sentence on another charge after a successful appeal and while awaiting retrial); Nichols v. Warden, Superior Court, judicial district of Tolland at Rockville, Docket No. 921528 (April 30, 1998, Zarella, J.) (relying onSteve to hold that the defendant was not entitled to presentence credit for time served between sentencing under the first docket and sentencing under a subsequent docket).
The proper calculation of a defendant's sentence, then, when the defendant has received consecutive sentences under different dockets is first to calculate the aggregate sentence under § 53a-38 (b)(2). Next, apply any presentence confinement credit under § 18-98d (a)(1) only to the period of confinement including the date of incarceration and ending with the first sentencing date. Subtract the resulting presentence confinement credit, along with any applicable presentence good conduct credit under § 18-98d (b), from the aggregate sentence to arrive at the sentence.
In this case, the defendant's aggregate term would be the sum of the sentences under Docket Nos. 17132 and 103279. To arrive at the defendant's sentence, the next step is to subtract the days of presentence confinement, along with any applicable presentence good conduct credit under § 18-98d (b), from the aggregate sentence. CT Page 16361
Additionally, the defendant seeks to in effect modify a sentence which is in excess of three years but he has not obtained the written consent of the prosecuting authority before making the request. Accordingly, the court would not have jurisdiction to issue a revised mittimus because the sentence imposed was in excess of three years and the defendant has not complied with Connecticut General Statute § 53a-39 (b).
For the foregoing reasons, the court has reconsidered its ruling and is denying the request which it had previously granted and orders vacated the revised mittimus on Jason Doehrer dated August 21, 2001.
RODRIGUEZ, J.