No. 22574.

EUGENE WALTERS, ALSO KNOWN AS GENE WALTERS
*v*. PEOPLE OF THE STATE OF COLORADO.
(441 P.2d 647)

Decided June 10, 1968.

Neil L. Carleton, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James W. Creamer, Jr., Assistant, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Walters was charged and convicted upon trial by jury of the crime of burglary. Thereafter Walters waived his right to file a motion for new trial and asked that he be immediately sentenced. The trial court acquiesced in Walters' request and sentenced him to a term of from four to nine years in the state penitentiary.

While serving the aforementioned sentence Walters had a change of heart and determined to file and did file, *pro se,* a motion for post conviction relief under Colo. R. Crim. P. 35 (b). In connection with its determination of this motion the trial court examined its files and records and as a result thereof denied the motion. By writ of error Walters now seeks reversal of the adverse judgment thus suffered against him.

In his 35 (b) motion Walters alleged that he was charged with the crime of larceny, but convicted and sentenced on a different crime, namely that of burglary. Also, he claims that his court appointed counsel was incompetent, and bases this conclusion on two grounds: (1) his counsel failed to apprehend that the charge against him was in reality larceny — not burglary; and (2) his counsel permitted him to waive his right to file a motion for new trial.

The record clearly discloses that Walters was charged with burglary, and not larceny. Specifically, he was charged with the breaking and entering of a store building with the intent to commit a larceny therein. And burglary was the crime for which he was thereafter

convicted by a jury. Therefore, the contention that Walters was sentenced for a crime different from the one with which he was charged is without merit.

■ Furthermore, the record before us *affirmatively* shows that Walters *knowingly* waived his right to file a motion for a new trial. After the jury returned a guilty verdict, Walters verbally asked that he be immediately sentenced. The ensuing colloquy, involving the trial court, Walters, defense counsel and the district attorney, definitely indicates that Walters, who had previously been convicted of felonies on five different occasions, *knew* that he was foregoing his right to file a motion for a new trial and that by so doing he could not thereafter obtain review of his conviction by writ of error. With commendable foresight, the trial court then insisted that both Walters and his counsel sign a *written* motion wherein Walters again waived his right to file a motion for new trial and asked for immediate sentencing. In short, it is abundantly clear from the record before us that Walters knowingly waived his rights in this regard, and that such waiver in nowise resulted from any alleged incompetence of counsel.

■ In this court, Walters' present counsel, who did not represent Walters upon trial but was appointed by the trial court to represent him in the present writ of error, also asked that relief under Rule 35(b) be afforded Walters on the ground that certain exhibits were erroneously received upon trial because of an alleged lack of foundation. This particular point not having been contained in the 35(b) motion filed in the trial court, it cannot now be raised for the first time in this court. In any event the issue as to the admissibility of an exhibit based on an alleged lack of foundation, and not based on any constitutional ground, is not one which can form the basis for relief under 35(b).

The judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.