No. 25408

**The People of the State of Colorado v. Samuel B. McClellan**
(515 P.2d 1127)

Decided November 12, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant-Appellant, Samuel B. McClellan, was sentenced to the state penitentiary on a plea of *nolo contendere* to the charge of "Procuring food or accommodations with intent to defraud," under the statute, 1965 Perm. Supp., C.R.S. 1963, 68-1-1. Thereafter, he sought to have the plea and sentence set aside, alleging that his plea was entered upon a promise of probation which was not granted. He also contends here — although he did not raise this question in his Crim. P. 35(b) petition — that he was not properly informed of all the elements of the crime charged. The trial court held an evidentiary hearing and found that the grounds alleged in the petition were not sustained by the evidence. We affirm.

I.

We deal first with McClellan's contention that his plea was not voluntary. The burden of proof in a Rule 35(b) motion is on the petitioner to establish his allegations by at least a preponderance of the evidence. *Bresnahan v. People,* 175 Colo. 286, 487 P.2d 551; *Lamb v. People,* 174 Colo.

441, 484 P.2d 798. Where the evidence before the trial court amply supports the findings and holdings of the trial court, that judgment will not be disturbed on review. *Lamb, supra.*

In his motion, McClellan alleged his plea was invalid because it was induced by a promise of probation. At the hearing, a business associate of his testified that McClellan had told him that he would plead *nolo contendere* and get probation. McClellan then testified that he assumed he would get probation. On cross examination, he admitted that he had no personal knowledge of any promise of probation by either the district attorney, the probation department or the court. The defendant's attorney stated that the court had not made any promises to him.

The record of the providency hearing establishes that the trial judge advised the defendant that his plea to be voluntary must be entered without any promise of leniency by any one. Defendant stated that he understood this and that he had not been mistreated or threatened with reference to his plea.

 A plea of guilty is clearly involuntary if it is induced by threats or by a promise of a lenient sentence. *Von Pickrell v. People,* 163 Colo. 591, 431 P.2d 1003; *Roberts v. People,* 158 Colo. 76, 404 P.2d 848. Further, if a plea of guilty results from plea bargaining and the bargain is not honored, the judgment must be vacated. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. However, that is not the case we have before us, as revealed by the record of the hearing on McClellan's Rule 35(b) motion. There is no evidence of any promise made or authorized by the court or the district attorney, other than the defendant's statement that he was relying upon information given to him by his attorney. His attorney stated that the court had made no promises, but made no statement as to any communication with the district attorney. We find that the trial court's ruling on the voluntariness of the plea is amply supported by the record.

 McClellan stated that he did not take the judge's statements at the providency hearing seriously. We reaffirm that such hearings when properly conducted are binding

upon the parties. Defendant's assumption that a providency hearing is meaningless will not rise to the dignity of a defense to its consequences.

## II.

■ McClellan's second contention is that the advisement given to him by the trial court prior to accepting his plea of *nolo contendere* was not in compliance with Crim. P. 11, in that the court failed to sufficiently ascertain that McClellan understood the nature of the charge by explaining to him the elements of the offense. Since this allegation was not raised in McClellan's motion and there was no finding on it by the trial court, this issue is not properly before this court for review.

Accordingly, we affirm.

MR. JUSTICE HODGES does not participate.