[Crim. No. 35410. Second Dist., Div. Five. Dec. 17, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
RICKY LYNN FORD, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Janice L. Feinstein, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ASHBY, J.**—By jury trial appellant was convicted on two counts of robbery with use of a firearm. He was sentenced to state prison and was given credit for 108 days in custody. The sole contention on appeal is that the court should have granted credit for an additional 100 days in custody.

Appellant was arrested in the instant case, No. A345223, on August 17, 1978. He was in custody until October 4, 1978, when he made bail.

On December 31, 1978, appellant was arrested and taken into custody in another case, No. A194350. No action was taken regarding his bail on the instant matter. Several of the court's minute orders for proceedings in this case after December 31, 1978, reflect that appellant was on "bail" in "this" matter, but "in custody other matter." Not until the instant jury verdict of April 9, 1979, was the bail exonerated in this case.

The trial court granted appellant credit of 108 days for his time in custody on the instant matter between his arrest on August 17, 1978, and release on bail on October 4, and between the jury verdict of April 9, 1979, and the sentencing hearing of June 8. ■ Appellant contends he is also entitled to a credit of an additional 100 days for the period between his arrest on the other case on December 31, 1978, and the jury verdict in this case on April 9, 1979. This argument is without merit.

Penal Code section 2900.5, subdivision (b), provides that credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Appellant's time in custody after his December 31, 1978, arrest on the other case, No. A194350, is not attributable to proceedings relating to the same conduct for which appellant has been convicted in the instant matter, No. A345223.

Appellant's being in custody from December 31 to April 9 is attributable solely to the other proceedings.[1] There is no factual showing of any so-called dual basis for his custody and therefore appellant is not entitled to credit in this case. (*People* v. *Brown* (1980) 107 Cal.App.3d 858, 864-865 [166 Cal.Rptr. 144]; see also *In re Rojas* (1979) 23 Cal.3d 152, 155-157 [151 Cal.Rptr. 649, 588 P.2d 789].)[2]

---

[1]In No. A194350 appellant was convicted of two more robberies, and of being armed with a firearm within the meaning of Penal Code section 12022. He received credit in that case for his time in custody commencing December 31, and his state prison sentence was ordered to run concurrently with his sentence in the instant case.

[2]Appellant cites the following statement from *People* v. *Brown, supra*, at page 863: "Several separate judicial proceedings may be pending against the defendant simultaneously creating a dual basis for custody and credit would then be appropriately applied against each of those matters unless consecutive sentences are imposed." However, the immediately preceding statement says, "If defendant is neither serving probation time nor serving a prison sentence, then *the proceedings causing that custody must be determined* and credit applied against the sentence in that proceeding." (Italics added.) Thus there is a factual determination to be made in such cases. The court went

Appellant's bail in the instant case was not exonerated as a result of his arrest on the unrelated charges. (Cf. *People* v. *Galloway* (1980) 107 Cal.App.3d 709, 712 [165 Cal.Rptr. 771] [new offense was relied upon as a reason for revoking probation in earlier case].) Appellant contends that formal action to terminate appellant's bail on the instant matter was merely routine, and that if it was overlooked we should nevertheless treat the case as if such action had been taken, opening the door to finding a dual basis to appellant's custody. We find no merit to this contention. The fact that bail was not exonerated was to appellant's advantage. After a period of time appellant might have been able to raise bail in the second case or otherwise secure a dismissal or termination of those proceedings. If so successful, he would again be restored to liberty, with his bail in the instant matter still in effect.[3]

If, on the other hand, appellant or his counsel thought the prospects for bail or favorable termination of the new charges were dim, and that the potential advantage of keeping his bail bond in this case was outweighed by the fact that no credit would be accumulating in this case under Penal Code section 2900.5, appellant could have attempted to arrange a surrender and exoneration of the bond, at least in these circumstances where both cases were in the same jurisdiction. (See fn. 2, *ante*; Pen. Code, §§ 1289, 1300-1302.) If a defendant wishes to make that tactical choice in order to start accumulating credits, the initiative should be left to him. (See, e.g., *People* v. *Como* (1975) 49 Cal.App.3d 604, 609, 612 [123 Cal.Rptr. 86] [pointing out that a person who is on probation and is sentenced to confinement in an unrelated case may, by strictly complying with Penal Code section 1203.2a, make arrangements for immediate sentencing to avoid inadvertently missing the opportunity to serve concurrent time].) The burden was on appellant to make such arrangements. Appellant was sentenced in case No. A194350 to a prison term to be served concurrently with his term in the instant case.

on to conclude in the particular circumstances of that case that "Where, as here, there is no factual showing that defendant was held in custody on the proceedings at issue, then there is no entitlement to credit." (*Id.*, at p. 865.)

[3]Where the defendant is in custody in another jurisdiction, the surety's obligation is suspended, not exonerated, and the obligation revives upon the defendant's release from custody in the other matter. (*People* v. *Meyers* (1932) 215 Cal. 115, 118 [8 P.2d 837]; *County of Los Angeles* v. *Maga* (1929) 97 Cal.App. 688, 690-691 [276 P. 352]; *People* v. *Hadley* (1967) 257 Cal.App.2d Supp. 871, 878 [64 Cal.Rptr. 777].) A bondsman can obtain exoneration pursuant to Penal Code section 1300 by surrendering the defendant to "the officer to whose custody the defendant was committed at the time of giving bail." Where, as probable here, the same custodian is involved in the second case, the bondsman might be able to "surrender" the defendant in the first case and obtain exoneration. The bondsman in this case apparently did not do so.

Under the circumstances appellant has been credited with the maximum time allowable under the law. There is no basis for awarding appellant 100 additional days' credit in this case for his time in custody on an unrelated case.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.