**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Edward Melville MYLES, Defendant-Appellant.**

**No. 84CA0698.**

Colorado Court of Appeals, Div. III.

May 16, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Duane M. Kline, III, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Edward Melville Myles, appeals from the trial court's denial of a Crim.P. 35(a) motion in which he sought credit for presentence confinement time against a sentence to the Department of Corrections imposed upon his conviction of second degree burglary. We reverse and remand with directions.

On October 28, 1980, defendant was arrested in Idaho on second degree burglary charges arising in Colorado. He waived extradition and was returned to Colorado where he was incarcerated in the Rio Blanco County jail. Defendant remained in jail for a total of 230 days. He pled guilty to the burglary charge on June 15, 1981, and the court sentenced him to four years probation conditioned on a ninety day jail sentence. The court did not require defendant to serve the ninety days but rather credited him with ninety days for "time served."

On April 3, 1983, defendant was arrested and jailed for violating his probation. After being confined for nineteen days, he was released on a personal recognizance bond on April 22, 1983.

On February 13, 1984, defendant was again arrested on a bench warrant and was returned to the Rio Blanco County jail. On March 16, 1984, the trial court revoked his probation and on April 13, 1984, sentenced him to four years of incarceration. Defendant had been in jail from his February 13th arrest until imposition of sentence on April 13, and thus the trial court ruled he

was entitled to credit for this 60-day period of confinement.

Defendant timely filed, and the trial court denied, the motion here at issue in which he sought credit for 372 days of presentence confinement.

Defendant claims he is entitled to presentence confinement credit for the time he served before he was granted probation and for time served after he had violated the terms of probation. Defendant asserts that this period totals 372 days, but the record before us clearly shows a period of 309 days of actual presentence confinement.

In view of § 16–11–306, C.R.S. (1984 Cum.Supp.) and supporting case law, *Torand v. People*, 698 P.2d 797 (1985); *Schubert v. People*, 698 P.2d 788 (1985), the defendant is to receive presentence confinement credit for all periods of confinement relating to the original charge. Thus, defendant is entitled to credit for the 230 days he was confined prior to the grant of probation. Also, he is entitled to credit for the nineteen days of confinement in April 1983 prior to his release on bond pending a revocation hearing.

Defendant is also entitled to credit for the sixty days he was incarcerated following his last arrest and prior to sentencing. It is clear, however, from the sentence mittimus that defendant has been given credit for this period of time. Hence, he is not entitled to duplicative credit for this period of confinement. *People v. Emig*, 676 P.2d 1156 (Colo.1984).

We find no merit to the People's argument that the original offense and the subsequent probation violation should be viewed as separate transactions and that, therefore, defendant is not entitled to any credit except for the final sixty days. *See generally* § 16–11–201, C.R.S. (1984 Cum. Supp.); *Gehl v. People*, 161 Colo. 535, 423 P.2d 332 (1967).

Thus, we hold that defendant is entitled to an additional 249 days of presentence confinement credit which is to be made applicable to the sentence imposed as re-flected in the April 13, 1984, mittimus. *See Schubert v. People, supra.*

The order denying defendant's motion for presentence confinement credit is reversed and the cause is remanded with directions that the mittimus be amended to reflect that defendant is entitled to an additional 249 days credit, thus reflecting a total of 309 days of presentence confinement applicable to this sentence.

VAN CISE and BABCOCK, JJ., concur.