Donald MASSEY, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 85SC239.

Supreme Court of Colorado.

April 20, 1987.

Rehearing Denied May 11, 1987.

David F. Vela, Colorado State Public Defender, Frances Smylie Brown, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for respondent.

ERICKSON, Justice.

We granted certiorari to review *People v. Massey*, 707 P.2d 1038 (Colo.App.1985), in which the court of appeals held that presentence confinement credit could not be applied to two concurrent sentences imposed by different judges on unrelated charges filed in different counties. We conclude that the record below does not establish that the defendant is entitled to

presentence confinement credit, and accordingly remand the case to the court of appeals with directions to affirm the district court's order denying the defendant additional credit for presentence confinement.

I.

On September 15, 1982, the defendant, Donald Massey, was arrested in Mesa County, Colorado on two unrelated warrants from different counties. One of the warrants was issued in Mesa County on two charges involving eight counts of forgery, section 18–5–102 to –104, 8B C.R.S. (1986), and two counts of felony theft, section 18–4–401, 8B C.R.S. (1986). The other warrant was issued in Pitkin County, Colorado, on one count of second-degree forgery, section 18–5–103, 8B C.R.S. (1986). The defendant remained incarcerated in the Mesa County jail on both warrants until March 14, 1983, a total of 181 days. During his confinement in the Mesa County jail, the defendant was transferred periodically to Pitkin County authorities for court appearances in that jurisdiction.

The defendant pleaded guilty to reduced charges in Mesa and Pitkin Counties on March 8 March 14, 1983, respectively, and was sentenced to two-years probation in each county. As a condition of the Pitkin County probation, the defendant was required to reside at the Larimer County Community Corrections Facility, and to pay $165 in court costs and other charges. As a condition of the Mesa County probation, the defendant was required to participate in a work release program, and to pay restitution, court costs, and other charges of $4,469.

On November 21, 1983, the defendant was arrested for violating the conditions of both probationary sentences. Further proceedings were held in each county, and the defendant's probation was revoked in both counties. While revocation proceedings were pending, the defendant was held in the Pitkin County jail from December 19, 1983 to March 5, 1984, a total of seventy-eight days.

On March 5, 1984, the defendant was sentenced by the district judge in Pitkin County to the Department of Corrections for eighteen months, and was granted credit for seventy-eight days of presentence confinement. On March 19, 1984, the defendant was sentenced in the Mesa County District Court to the Department of Corrections for twenty-seven months, with the sentence to run concurrently with the Pitkin County sentence. The district judge in Mesa County granted the defendant 263 days presentence confinement credit, which reflected his seventy-eight days of confinement in the Pitkin County jail and his 181 days of confinement in the Mesa County jail prior to the imposition of the probationary sentences.[1] Thus, the defendant was granted full credit against the longer of the two concurrent sentences. No appeal was taken from the Mesa County sentence.

On April 6, 1984, the defendant filed a motion under Crim.P. 35(a)[2] in the Pitkin County District Court, and requested 181 days of additional presentence confinement credit.[3] The trial court denied the motion, and the defendant appealed. The court of appeals held that presentence confinement credit could not be granted to the defendant where the same period of time was credited against his sentence in Mesa County, and remanded the case to the trial court for a determination of whether the defendant's presentence confinement was credited against the sentence imposed in Mesa County. We granted certiorari, although remanding this case for a further hearing to determine whether the defendant is entitled to additional presentence confinement credit will not benefit the defendant because he apparently has served his term and been released. We have elected to

---

1. The period of the defendant's presentence confinement in the Pitkin County and Mesa County jails actually includes only 259 days.

2. Crim.P. 35(a) provides: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner

within the time provided herein for the reduction of sentence."

3. In the Rule 35 motion, defense counsel erroneously computed the period of time from September 15, 1982 to March 14, 1983 as 188 days.

issue an opinion and not dismiss this case as moot because the issue presented in this case is capable of repetition but may evade review. *People v. Quinonez,* 735 P.2d 159, 161 n. 1 (Colo.1987); *Urevich v. Woodard,* 667 P.2d 760, 762 (Colo.1983); *Goedecke v. Department of Institutions,* 198 Colo. 407, 410 n. 5, 603 P.2d 123, 124 n. 5 (1979).[4]

## II.

The Colorado presentence confinement statute, section 16–11–306, 8 C.R.S. (1984 Supp.), provided at all times relevant to this case:

A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted from the sentence by the department of corrections.[5]

The purpose of section 16–11–306 is to eliminate the unequal treatment suffered by indigent defendants who, because of their inability to post bail, are confined longer than their wealthier counterparts. *Schubert v. People,* 698 P.2d 788 (Colo.1985); *In re Rojas,* 23 Cal.3d 152, 151 Cal.Rptr. 649, 588 P.2d 789 (1979); Standards for Criminal Justice § 18–4.7, commentary at 18–310 to –311 (1986).

▪ The trial court has no discretion to deny presentence confinement credit to a defendant who is incarcerated for an offense prior to a determination of guilt and the court's imposition of sentence, but the court must not grant credit in excess of that permitted by section 16–11–306. *Torand v. People,* 698 P.2d 797, 800 (Colo. 1985); *People v. Chavez,* 659 P.2d 1381, 1383–84 (Colo.1983). A defendant is not entitled to duplicative credit, but where concurrent sentences are imposed, periods of presentence confinement may be credited for each charge that was an actual cause of the defendant's incarceration prior to the imposition of the sentence. *Schubert v. People,* 698 P.2d 788, 795 (Colo. 1985). If the defendant is sentenced to a term of probation which is subsequently revoked, periods of presentence incarceration must be credited against the defendant's sentence in accordance with section 16–11–306. *People v. Myles,* 702 P.2d 292 (Colo.App.1985); *State v. Long,* 119 Ariz. 327, 580 P.2d 1181 (1978).

In the companion cases of *Schubert v. People,* 698 P.2d 788 (Colo.1985), and *Torand v. People,* 698 P.2d 797 (Colo.1985), we considered the application of presentence confinement credit to periods of incarceration connected to multiple charges. In *Schubert,* the defendant, while incarcerated in the Jefferson County jail on burglary charges, was transferred to the Boulder County jail for possible revocation of a deferred judgment and sentence on charges of felony menacing and carrying a concealed weapon. After being confined for several weeks in the Boulder County jail, the District Court of Boulder County

---

4. The defendant claims he should have been granted: (1) 181 days for his incarceration in the Mesa County jail prior to the imposition of probation in Pitkin County; (2) seven days (March 14 to March 21, 1983) while the defendant was awaiting transfer to the Larimer County Community Corrections Facility; and (3) one day in November 1983, following his arrest for the violation of his probation. We do not consider the defendant's claim for an additional eight-days credit because the defendant did not preserve the issue in his motion for post-conviction relief. *See People v. Simms,* 185 Colo. 214, 523 P.2d 463 (1974) (issues not raised in the defendant's motion under Crim.P. 35 will not be considered on appeal); *People v. McClellan,* 183 Colo. 176, 515 P.2d 1127 (1973); *Walters v. People,* 166 Colo. 90, 441 P.2d 647 (1968).

5. On July 1, 1986, the General Assembly amended section 16–11–306 to read:

A person who is confined *for an offense* prior to the imposition of sentence *for said offense* is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted from the sentence by the department of corrections.

Ch. 124, sec. 3, § 16–11–306, 1986 Colo.Sess. Laws 733, 734 (amended portions emphasized).

revoked the deferred judgment and sentence and granted the defendant probation on the condition that he be confined in the Boulder County jail on a work release program and later transferred to a community corrections facility. After transfer to the community corrections facility, the defendant escaped, was arrested in California, and was ultimately transferred to the Jefferson County jail on the burglary charges still outstanding in Boulder County District Court. The defendant thereafter pleaded guilty to two counts of attempted second-degree burglary and was sentenced to concurrent sentences of two years on each charge and credited with 154 days of presentence confinement, which represented the period of time that the defendant spent in the Jefferson County jail. The sentencing court refused to credit the defendant with the periods of confinement or detention spent in the Boulder County jail, the Boulder County work release program, or the Boulder community corrections facility. The defendant appealed the sentence to the court of appeals, which affirmed the sentence, and we granted certiorari.

We held in *Schubert* that section 16–11–306, 8 C.R.S. (1984 Supp.), "requires a sentencing court to credit a defendant with that period of time spent in custody as the result of the charge for which the sentence is imposed or as the result of the conduct on which such charge is based." 698 P.2d at 795. In determining whether a particular period of presentence confinement qualifies for credit, we held that the presentence confinement must be *actually caused* by the charge or conduct for which the defendant is to be sentenced. We stated that:

> While causation in this context does not mean that the charge or conduct for which the sentence is to be imposed must be the exclusive cause of the offender's confinement, it does mean that there must be substantial nexus between such charge or conduct and the period of confinement for which such credit is sought.

698 P.2d at 795. *See also Torand,* 698 P.2d at 800. In *Schubert,* we recognized that there is a "substantial nexus" between multiple cases concurrently filed in the

same jurisdiction and the defendant's confinement on those charges:

> If ... multiple counts or cases are concurrently filed against a defendant in the same jurisdiction, and the defendant remains confined in that jurisdiction on all charges due to his inability to post bail, each charge would appropriately be considered a cause of the defendant's presentence confinement.

698 P.2d at 795.

Because there is a "substantial nexus" between periods of presentence confinement and multiple charges concurrently filed against an accused in the same judicial district, we reasoned in *Schubert* that the imposition of concurrent sentences on each charge pending in the same judicial district would require the sentencing court to credit the full period of presentence confinement against each sentence:

> This is so because concurrent sentences obviously commence at the same time and in functional effect result in one term of imprisonment represented by the longest of the concurrent sentences imposed. Only by giving credit against each concurrent sentence will the defendant be assured of receiving credit for the full period of presentence confinement against the total term of imprisonment. When consecutive sentences are imposed, crediting the period of presentence confinement against one of the sentences will assure the defendant full credit against the total term of imprisonment. If only one sentence is ultimately imposed and the other concurrently filed counts or cases are dismissed, then clearly the defendant should be credited with the entire period of presentence confinement served in the sentencing jurisdiction against the sentence. *Where, however, the record shows that a particular period of confinement served prior to the imposition of sentence is not attributable to the charge or conduct for which a sentence is to be imposed, neither is the offender entitled to credit for such confinement nor does the sentencing judge err by denying credit under such circumstances.*

698 P.2d at 795–96 (emphasis added and footnotes omitted). *See also Torand v. People* 698 P.2d 797 (Colo.1985) (defendant, who was initially arrested and confined in the Pueblo County jail on charges of burglary and sexual assault and who was subsequently transferred to the state penitentiary as a result of revocation of parole on a prior unserved sentence, was not entitled to credit for time served in the penitentiary while awaiting disposition of Pueblo charges).

 Thus, where two or more charges form multiple bases for the defendant's presentence confinement, the defendant is entitled to credit against each sentence imposed on those charges, as long as the credit would not be duplicative. *People v. Ford,* 113 Cal.App.3d 429, 170 Cal.Rptr. 216 (1980); *People v. Simpson,* 120 Cal. App.3d 772, 174 Cal.Rptr. 790 (1981); *Bridges v. Malcolm,* 44 N.Y.2d 875, 379 N.E.2d 156, 407 N.Y.S.2d 628 (1978). A "substantial nexus" in that context means that the defendant would have remained confined in the same judicial district on the charge for which credit is sought in the absence of any other charge.

 In this case, the record is sparse, and discloses only that the defendant was arrested on September 15, 1982, and was incarcerated on both the Mesa and Pitkin County warrants until March 14, 1983. At the hearing on the defendant's rule 35 motion, a deputy of the Pitkin County Sheriff's Department testified that the defendant was imprisoned in Mesa County "on a Pitkin County warrant as well as a Mesa County warrant," and that the Mesa County jail was designated as "the primary holding facility for Mr. Massey" prior to the resolution of the charges then pending in Mesa and Pitkin Counties.[6] The trial court did not find that there was a substantial nexus between the defendant's Mesa County confinement and the charges filed against him in Pitkin County, and the limited record before us does not establish a substantial nexus. The Mesa County charges and the Pitkin County charges were filed in separate judicial districts and arose out of separate criminal transactions, and the example discussed in *Schubert* of "multiple counts or case ... concurrently filed against a defendant in the same jurisdiction" is not applicable to this case. Indeed, the Pitkin County charges were as unrelated to the Mesa County charges as were the Boulder County charges to the Jefferson County charges in *Schubert.* The defendant has not proven, and the record does not establish, that the Pitkin County charges prevented the defendant's release from the Mesa County jail or contributed to his confinement outside of Pitkin County. Absent such proof, the defendant is not entitled to an award of presentence confinement credit against his Pitkin County sentence for periods of incarceration in Mesa County.

Accordingly, the decision of the court of appeals is reversed and the case is remanded to the court of appeals with directions to reinstate the district court's denial of the

---

**6.** The deputy testified in pertinent part:

Mr. Massey's case is a little complicated in that it is a companion case with Mesa County. During a period after his arrest in September, '82 he was lodged in the Mesa County Jail for his case from Mesa County as well as any and all of his outstanding warrants from other locations including this court, Pitkin.

Q: My understanding is that he was arrested on ... September 15, 1982 in Mesa County; is that correct?

A: I do not have that specific information in court. My understanding is in September '82, he was taken into custody in Mesa County.

Q: And it was on a Pitkin County warrant also.

A: Correct. Pitkin County as well as Mesa County warrant and any other outstanding wants or warrants from other locations.

Q: And would it be true from September '82 until his sentencing in this court on March 14, 1983, he was either in the Mesa County Jail or the Pitkin County Jail on a Pitkin County warrant as well as a Mesa County warrant?

A: That is correct. In a case such as this, one jail is usually designated as the primary holding facility for the—for the individual and in this case Mesa County was—Mesa County Jail was the primary holding facility for Mr. Massey, and when Mr. Massey was needed for court appearances in Pitkin County we then arranged transportation and—quote, unquote—borrowed the subject for his court appearance.

defendant's motion for post-conviction relief under Rule 35(a).

LOHR, J., dissents.

DUBOFSKY, J., joins in the dissent.

LOHR, Justice, dissenting:

The majority holds that the defendant is not entitled to presentence confinement credit on the Pitkin County sentence for the 181 days that he spent in the Mesa County jail while being held on warrants from both Pitkin and Mesa Counties. I respectfully dissent.

On September 15, 1982, the defendant was arrested on warrants from both Pitkin and Mesa Counties. While awaiting disposition and sentencing on the charges underlying both warrants, the defendant was held in the Mesa County jail for a period of 181 days. The defendant pleaded guilty to reduced charges in both Mesa and Pitkin Counties and was originally given concurrent sentences of probation. After violating the conditions of both probationary sentences, the defendant was given concurrent sentences of imprisonment. The district court judge in Pitkin County did not award the defendant presentence confinement credit for the 181 days spent in the Mesa County jail, although the district court judge in Mesa County did award the defendant such credit on the Mesa County sentence.

As the majority acknowledges, a defendant is entitled to presentence confinement credit "for each charge that was an actual cause of the defendant's incarceration prior to the imposition of the sentence." Majority op. at 21. *See Schubert v. People*, 698 P.2d 788, 795 (Colo.1985). In determining whether a charge is an actual cause of the confinement, it is not necessary to show that the charge was the exclusive cause of the confinement. Rather, "there must be a substantial nexus between such charge or conduct and the period of confinement for which credit is sought." *Schubert v. People*, 698 P.2d at 795. *Accord Torand v. People*, 698 P.2d 797, 800 (Colo.1985).

In the present case, the Pitkin County charges were as much an actual cause of the defendant's confinement as were the Mesa County charges. The record discloses that his arrest on September 15, 1982, was based upon both warrants. It is logically inconsistent and contrary to common sense to say that one warrant, the Mesa County warrant, was the basis of his confinement but that the other warrant, the Pitkin County warrant, was not. The defendant was confined in the Mesa County jail as a direct result of both warrants, not only the Mesa County warrant. Under these circumstances, the fact that the defendant was confined in the Mesa County jail instead of the Pitkin County jail simply as a matter of administrative convenience should have no bearing on whether he should receive presentence confinement credit on the Pitkin County sentence.

I also disagree with the majority's wholly artificial distinction between concurrent sentences for multiple charges filed in the same jurisdiction and concurrent sentences for multiple charges filed in different jurisdictions. I can perceive no logical or principled reason, and none is advanced by the majority, for treating the latter situation different from the former in determining presentence confinement credit. In neither case is there a danger of granting a defendant duplicative credit—one of the primary concerns underlying our interpretation of section 16–11–206 in *Schubert v. People*, 698 P.2d at 794–95. The question is not whether the charges are related to each other in the sense that they are filed in the same jurisdiction, but whether the charges are both related to, or have a "substantial nexus" to, the confinement. Majority op. at 23.

In summary, I believe that the Pitkin County warrant was as much an actual cause of the defendant's confinement as was the Mesa County warrant. Also, I believe that there is no logical basis to award a defendant presentence confinement credit on concurrent sentences for multiple charges in a single jurisdiction but not on concurrent sentences for multiple charges filed in different jurisdictions, at least so long as there is no possibility of awarding duplicative credit. Accordingly, I

would hold that based on the record before us, sparse though it is, the defendant was entitled to an additional 181 days of presentence confinement credit on the Pitkin County sentence for the period he spent in the Mesa County jail on both the Mesa County and Pitkin County warrants.

I am authorized to say that Justice DUBOFSKY joins in this dissent.