Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 11, 2020

**2020 CO 37**

**No. 18SC646, *Russell v. People*—Criminal Law—Sentencing and Punishment—Presentence Confinement Credit.**

Because the supreme court determines that its prior decisions interpreting the presentence confinement credit ("PSCC") statute are not consistent with the language of the statute and cannot be reconciled with each other, the court here identifies three principles for determining when a defendant is entitled to PSCC and resolves inconsistencies in its previous interpretations of the PSCC statute and the related substantial nexus test.

First, a defendant is entitled to PSCC for each day served where there is a substantial nexus between the conduct or charges for which he is confined and the sentence ultimately imposed. A substantial nexus exists where the defendant would have *remained confined* on the charge or conduct for which credit is sought *in the absence* of any other charge. Second, causation, not geography, is the defining

question in determining if there is a substantial nexus.  And third, a defendant is not entitled to duplicative PSCC.

Applying these principles here, the supreme court concludes that Derick Wayne Russell is entitled to additional PSCC against his Douglas County sentence for the period that he was confined after he was resentenced in Jefferson County until he was resentenced in Douglas County.  Accordingly, the judgment of the court of appeals is reversed and the case is remanded with instructions to return it to the district court for correction of the PSCC award consistent with this opinion.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2020 CO 37

## Supreme Court Case No. 18SC646
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 16CA2073

### Petitioner:

Derick Wayne Russell,

v.

### Respondent:

The People of the State of Colorado.

### Judgment Reversed
*en banc*
May 11, 2020

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Lisa Weisz, Deputy Public Defender
*Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Grant R. Fevurly, Assistant Attorney General
*Denver, Colorado*

JUSTICE HART delivered the Opinion of the Court.
JUSTICE BOATRIGHT concurs in the judgment only, and CHIEF JUSTICE COATS joins in the concurrence in the judgment only.

¶1　　The issue here—whether Derick Wayne Russell is entitled to presentence confinement credit ("PSCC") in Douglas County[1]—stems from the interplay between two unrelated criminal cases, one in Douglas County and another in Jefferson County.

¶2　　Russell was sentenced to six years in community corrections for an offense in Douglas County to be served concurrently with a three-year sentence incurred in Jefferson County.  Before completing his concurrent sentences, on May 26, 2016, Russell was unsuccessfully terminated from community corrections in both cases and immediately confined in the Denver County Jail.  On June 1, 2016, the Jefferson County District Court resentenced Russell to serve the remainder of his three-year sentence in the custody of the Department of Corrections.  Four months later, on October 13, 2016, the Douglas County District Court also resentenced Russell to the Department of Corrections to serve the remainder of his six-year Douglas County sentence, again to be served concurrently with the Jefferson County

---

[1] We granted certiorari to review the following issue:

> When the defendant was terminated from his concurrent community corrections sentences from Jefferson and Douglas Counties, and resentenced to concurrent prison sentences in both counties, whether he is entitled to presentence confinement credit in Douglas County for time served in prison after his Jefferson County resentencing but before his Douglas County resentencing.

2

sentence. The Douglas County District Court, however, did not award Russell any PSCC for the time he was confined between his Jefferson County resentencing on June 1 and his Douglas County resentencing on October 13.

¶3 A division of the court of appeals affirmed this decision not to award PSCC, relying on the substantial nexus test outlined in *People v. Torrez*, 2017 CO 91, 403 P.3d 189. *People v. Russell*, No. 16CA2073, ¶¶ 15–19 (Aug. 23, 2018). In doing so, the division noted that the *Torrez* substantial nexus test departed from our prior decisions on the calculation of PSCC. *Id.* at ¶ 16 n.2. It further noted that under previous iterations of the substantial nexus test, Russell would be entitled to PSCC. *See id.* at ¶ 17; *see also Massey v. People*, 736 P.2d 19, 23 (Colo. 1987).

¶4 This case highlights that our prior decisions applying the PSCC statute are not easy to reconcile with each other and are inconsistent with the statutory language. *Torrez* broke from *Massey* and *Massey*'s companion case, *People v. Freeman*, 735 P.2d 879 (Colo. 1987), by establishing a but-for causation test for PSCC that is not supported by the plain language of the statute. *See Torrez*, ¶¶ 3, 24, 403 P.3d at 190, 194. And the causation test outlined in *Massey* and *Freeman* relied on a geography-based distinction that finds no purchase in the statutory language and that we disavowed in *Torrez*. *See id.* at ¶ 25, 403 P.3d at 194–95. While we recognize the importance of stare decisis, our prior cases construing the PSCC statute cannot be squared with each other or with the language of the

3

statute. Here, consequently, we conclude that sound reasons exist for sorting out the confusion created by our prior caselaw by setting out the following principles that must apply in every PSCC case.

¶5    First, a defendant is entitled to PSCC for each day served where there is a substantial nexus between the conduct or charges for which he is confined and the sentence ultimately imposed. Second, causation, not geography, is the defining question in determining if there is a substantial nexus. And third, a defendant is not entitled to duplicative PSCC.

¶6    We also clarify that a substantial nexus exists where the defendant would have *remained confined* on the charge or conduct for which credit is sought *in the absence* of any other charge. In other words, the court should ask what would happen if *only* the sentencing charge existed; in such a scenario, would the defendant have remained confined? If the answer to this question is yes, a substantial nexus exists, and the defendant is entitled to PSCC so long as it is not duplicative.

¶7    Applying these principles, we conclude that there is a substantial nexus between the period that Russell was confined while he awaited resentencing in Douglas County and his Douglas County sentence. And because an award of PSCC for this period is not duplicative, he is entitled to additional PSCC.

4

Consequently, we reverse the judgment of the court of appeals and remand for correction of Russell's PSCC award consistent with this opinion.

## I. Facts and Procedural History

¶8 In October 2015, Russell pleaded guilty to theft, a class five felony, in Douglas County. For this offense, the Douglas County District Court sentenced Russell in January 2016 to six years in community corrections. This sentence was to be served concurrently with a three-year community corrections sentence that Russell received in December 2015 for an unrelated offense in Jefferson County.

¶9 Russell entered a community corrections program located in Denver in February 2016. But on May 26, 2016, he was terminated from the program, and he was taken into the custody of the Denver County Jail. The next day, the probation department issued a notice of rejection requesting transfer of sentence in Douglas County. And, on May 31, 2016, the Douglas County District Court issued a no-bond arrest warrant for Russell. Defense counsel received no notice of the community corrections termination or the arrest warrant.

¶10 Meanwhile, on June 1, 2016, the Jefferson County District Court resentenced Russell to the Department of Corrections, where he would serve the remainder of his three-year sentence for the Jefferson County offense.

¶11 Two months later, while preparing for a previously scheduled restitution hearing in the Douglas County case, Russell's defense counsel learned of Russell's

termination from community corrections and of the notice of rejection. Consequently, at the restitution hearing in August, Russell's defense counsel requested that the court set a transfer hearing in the Douglas County case.

¶12 The Douglas County District Court held a transfer hearing on October 13, 2016, and resentenced Russell to six years in the custody of the Department of Corrections to run concurrently with his Jefferson County sentence. The court also granted Russell PSCC for the time he was confined before his sentence to community corrections, the time he served in residential community corrections, and the days he spent in the Denver County Jail before he was resentenced in the Jefferson County case. However, the court declined to award Russell PSCC against the Douglas County sentence for his confinement from June 1 to October 13, 2016, concluding that once Russell was resentenced to the Department of Corrections for his Jefferson County offense on June 1, he could no longer be credited PSCC against his Douglas County offense.

¶13 Russell appealed, arguing that pursuant to section 18-1.3-405, C.R.S. (2019), he was entitled to PSCC against his Douglas County offense for his incarceration in the Denver County Jail and the Department of Corrections between May 26 and October 13, 2016. A division of the court of appeals disagreed with Russell and affirmed. Citing *Torrez*, the division held that because the Jefferson County sentence provided an alternate source for his confinement, Russell's Douglas

County case was not the but-for cause of his confinement after he was resentenced in Jefferson County. *Russell*, ¶¶ 15–17. Therefore, he was not entitled to PSCC for the period from June 1, 2016, to October 13, 2016. *Id.* Though bound by our decision in *Torrez*, the division noted that the *Torrez* substantial nexus test differed from the previous substantial nexus test outlined by this court in *Massey*, *id.* at ¶ 16 n.2, and that Russell would have been entitled to credit under the *Massey* test, *see id.* at ¶ 17.[2]

¶14 Russell petitioned this court for certiorari, and we granted review.

## II. Analysis

¶15 We begin by discussing the standard of review and the doctrine of stare decisis. We then turn to Colorado's PSCC statute and our previous decisions

---

[2] We recognize that the credit requested and denied here may reasonably be described as credit for time served. However, the trial court, the division, and the parties all have referred to it as presentence confinement credit, and no argument has been presented to the contrary. Indeed, at oral argument, the People were asked on multiple occasions whether this was really just a continuation of Russell's sentence. Each time, they said it was not and that this time should be evaluated as presentence confinement. Moreover, section 18-1.3-301(1)(e), C.R.S. (2019), specifically references the trial court's obligations with regard to resentencing after termination from community corrections. Finally, our caselaw has at times used the terms "credit for time served" and "presentence confinement credit" interchangeably with regard to crediting a defendant for time spent in community corrections prior to resentencing. *See, e.g.*, *Beecroft v. People*, 874 P.2d 1041, 1045–46 (Colo. 1994) (describing one case from the court of appeals as requiring "presentence confinement credit" and another as requiring "credit for time served").

interpreting it. Here, because we determine that our prior decisions are not consistent with the language of the statute and cannot be reconciled with each other, we conclude that sound reasons exist for clarifying this area of the law, even if it requires departing from the norm of stare decisis.

¶16 We therefore take this opportunity to identify three clear principles for determining when a defendant is entitled to PSCC and to resolve inconsistencies in our previous interpretations of the PSCC statute and the related substantial nexus test. First, a defendant is entitled to PSCC for each day served where there is a substantial nexus between the charge or conduct for which he is confined and the sentence that is ultimately imposed. A substantial nexus exists when the defendant would have *remained confined* on the charge or conduct for which credit is sought *in the absence* of any other charge. Second, regarding whether a substantial nexus exists, causation, not geography, is the defining question. And third, a defendant is not entitled to duplicative PSCC.

¶17 Applying these principles here, we conclude that Russell is entitled to additional PSCC against his Douglas County sentence for the period that he was confined after he was resentenced in Jefferson County until he was resentenced in Douglas County.

## A. Applicable Law

### 1. Standard of Review and Stare Decisis

¶18 Whether a district court properly denied PSCC is a legal question that we review de novo. *Fransua v. People*, 2019 CO 96, ¶ 11, 451 P.3d 1208, 1210.

¶19 Issues of statutory interpretation are also subject to de novo review. *People v. Baker*, 2019 CO 97M, ¶ 13, 452 P.3d 759, 762. Our primary responsibility when interpreting a statute is "to ascertain and give effect to the General Assembly's purpose and intent." *Id.* "To do so, we look to the plain language of the statute, the context of words and phrases, and their common usage." *Id.*

¶20 With regard to case law, the doctrine of stare decisis requires that we adhere to precedent in order to promote "uniformity, certainty, and stability of the law." *People v. Porter*, 2015 CO 34, ¶ 23, 348 P.3d 922, 927 (quoting *People v. LaRosa*, 2013 CO 2, ¶ 28, 293 P.3d 567, 574). This rule, however, "is not so rigid as to prevent us from reevaluating our precedent." *Id.* And we will depart from precedent where sound reasons exist for doing so. *People v. Kutlak*, 2016 CO 1, ¶ 18, 364 P.3d 199, 205 (quotation omitted); *People v. Novotny*, 2014 CO 18, ¶ 24, 320 P.3d 1194, 1202.

### 2. PSCC

¶21 Pursuant to Colorado's PSCC statute, section 18-1.3-405, "A person who is confined for an offense prior to the imposition of sentence for said offense is

9

entitled to credit against the term of his or her sentence for the entire period of such confinement." We clarify today that courts should apply this statute consistent with three principles.

¶22 The first principle flows from the statutory mandate that a defendant receive credit for each day or "the entire period" of presentence confinement served. What this means is that a defendant is entitled to PSCC if "the presentence confinement [was] *actually caused* by the charge or conduct for which the defendant is to be sentenced." *Massey*, 736 P.2d at 22. From our earliest interpretation of the PSCC statute, we have been clear that "causation in this context does not mean that the charge or conduct for which the sentence is to be imposed must be the exclusive cause of the offender's confinement." *Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985); *see also People v. Johnson*, 797 P.2d 1296, 1298 (Colo. 1990); *Massey*, 736 P.2d at 22; *Freeman*, 735 P.2d at 881; *Torand v. People,* 698 P.2d 797, 800 (Colo. 1985). And we explained in *Massey* that "where two or more charges form multiple bases for the defendant's presentence confinement, the defendant is entitled to credit against each sentence imposed on those charges, as long as the credit would not be duplicative." 736 P.2d at 23. Yet, in *Torrez*, we departed from these earlier holdings, concluding that but-for causation was required for an award of PSCC. ¶¶ 3, 24, 403 P.3d at 190, 194; *see also People v. Torrez*, 2017 CO 91, ¶ 32, 403 P.3d 189, 196 (Márquez, J., dissenting); *People v. Torrez*, 2017 CO 91,

10

¶¶ 60–63, 403 P.3d 189, 201–02 (Hood, J., dissenting). Instead of asking, as we had in previous cases, whether the defendant would have remained confined in the absence of any other charge, *Torrez* flipped the test and asked whether "the defendant would have been released from the confinement had that offense not existed." ¶ 3, 403 P.3d at 190.

¶23 The *Torrez* but-for causation test is inconsistent with the language of the PSCC statute. The statute does not limit a defendant's entitlement to PSCC to those situations in which the sentencing offense is the exclusive basis for confinement. Moreover, under the test set forth in *Torrez*, a defendant sentenced on multiple charges would be entitled to no PSCC because none of the charges would alone be the but-for cause of his confinement. This is inconsistent with the intent of the PSCC statute, which makes PSCC mandatory.

¶24 As noted, *Torrez* also cannot be reconciled with our earlier precedent, which made it clear that the causation required under the PSCC statute was not but-for causation. Therefore, there are sound reasons to overrule *Torrez*'s but-for causation test and return to a substantial nexus test that ensures a defendant will receive the PSCC to which he is statutorily entitled. Under that test, a substantial nexus exists where the defendant would have *remained confined* on the charge or conduct for which credit is sought *in the absence* of any other charge. Put another way, the court should ask "what would happen if *only* the sentencing charge

11

existed; in such a scenario, would the defendant have remained confined?" *Torrez*, ¶ 51, 403 P.3d at 200 (Márquez, J., dissenting). If the answer to this question is yes, a substantial nexus exists, and the defendant is entitled to PSCC so long as the credit would not be duplicative.

¶25 We agree, however, with the court's observation in *Torrez* that "[t]he substantial nexus test is about causation, not geography." ¶ 25, 403 P.3d at 195. And this leads us to the second principle that courts should apply in awarding PSCC: When determining whether a substantial nexus exists, causation, not geography, is the defining question. The PSCC statute supports this principle, saying nothing about geographic limitations on credit for confinement. *See* § 18-1.3-405. Furthermore, when a defendant is confined on charges from two different jurisdictions, he will necessarily have to be physically confined in only one of the two jurisdictions at any given time. His confinement, however, may be *caused* by the charges in both jurisdictions, and he is still entitled to nonduplicative credit as mandated by the PSCC statute. Consequently, to the extent that our prior caselaw imported a geographic component into the PSCC analysis, we conclude here that there is no basis in the statutory language for doing so, and we clarify that geography does not play a role in the calculation of PSCC.

¶26 Third, and finally, a defendant is not entitled to duplicative PSCC. The PSCC statute addresses directly one of the most likely risks of duplication. When

a defendant commits a new crime while already serving a sentence or on parole, the period of confinement prior to sentencing on the new offense will be credited only against the original sentence. *Id.* In circumstances not covered explicitly by the statute, courts should take care when sentencing to give the defendant a day of credit, and only a day of credit, for each day he was confined prior to sentencing.

¶27 These three principles clarify inconsistencies in our precedent interpreting the PSCC statute and should allow courts to award PSCC in a manner consistent with the language of the statute. A defendant is entitled to PSCC when he would have remained confined on the charge or conduct for which credit is sought in the absence of any other charge, whether that charge is in the same or a different jurisdiction, so long as the PSCC is not duplicative.

## B. Russell Is Entitled to Additional PSCC Against His Douglas County Sentence

¶28 Russell argues that he is entitled to PSCC against his Douglas County sentence for the period that he was confined after his termination from community corrections until his Douglas County resentencing. Because there is a substantial nexus between Russell's confinement and his Douglas County offense, and because this additional PSCC would not be duplicative, we agree.

¶29 Russell would have remained confined on the Douglas County offense pursuant to section 17-27-104(6), C.R.S. (2019), and the Douglas County no-bond arrest warrant. When a defendant is terminated from a community corrections

13

program, he must be confined without bond until the court determines whether to remove him from the program. § 17-27-104(6). Accordingly, after Russell was terminated from community corrections, the probation department filed a notice of rejection requesting transfer of sentence, and the Douglas County District Court issued a no-bond arrest warrant for Russell. In the absence of the Jefferson County charge, pursuant to both section 17-27-104(6) and the related Douglas County arrest warrant, Russell would have remained confined without bond on the Douglas County charge until the court transferred the balance of Russell's six-year sentence to the Department of Corrections. In other words, if only the Douglas County theft charge had existed, Russell would have remained confined after his termination from community corrections until his Douglas County resentencing. Thus, there is a substantial nexus between his confinement and the Douglas County theft offense that he was ultimately resentenced on.

¶30     Also, because Russell was sentenced to concurrent sentences, awarding him PSCC against his Douglas County sentence would not be duplicative. In fact, if PSCC is not applied against Russell's Douglas County sentence, as a practical matter, he would receive no credit for the months that he was confined while awaiting resentencing. This is because Russell's six-year Douglas County sentence was the longer of his two concurrent sentences; thus, applying the credit against his three-year Jefferson County sentence would have no impact on the actual

14

length of his term of incarceration. Here, only by giving Russell PSCC against his Douglas County sentence will he be guaranteed to receive credit for the full period of his presentence confinement against his total term of imprisonment.

### III. Conclusion

¶31 We conclude that Russell is entitled to PSCC against his Douglas County sentence for the period that he was confined after his Jefferson County resentencing until his Douglas County resentencing. Accordingly, we reverse the judgment of the court of appeals and remand the case with instructions to return it to the district court for correction of the PSCC award consistent with this opinion.

**JUSTICE BOATRIGHT** concurs in the judgment only, and **CHIEF JUSTICE COATS** joins in the concurrence in the judgment only.

JUSTICE BOATRIGHT, concurring in the judgment only.

¶32    I agree with the majority that the defendant should be given credit for the time he spent in jail awaiting his transfer to the Department of Corrections ("DOC").  I disagree, however, with the majority's characterization that the credit qualifies as *presentence* confinement credit.  In my view, although the majority and the parties did not recognize the distinction between presentence confinement and postsentence credit for time served, the time that the defendant spent in jail between his arrest on May 26, 2016, until he was transferred to the DOC on October 13, 2016, should be classified as *time served*.  Simply put, presentence confinement and credit for time served are not interchangeable terms.  Hence, we should not be analyzing presentence confinement jurisprudence.  Therefore, I concur in the judgment only.

¶33    To explain my position, I briefly go back over the events of the defendant's sentencing journey as laid out in more detail in the majority opinion.  In January 2016, the defendant was sentenced to community corrections for six years in Douglas County.  Presumably, the defendant spent time in jail awaiting the resolution of this case as community corrections was deemed appropriate, and he had another case pending in Jefferson County at the same time.  As the majority noted, the defendant did not begin the community corrections sentence until February 2016.  Therefore, he was in jail waiting for bed space in community

1

corrections between the time he was sentenced and the time he actually entered community corrections. He then began serving time in community corrections. His Douglas County community corrections sentence was revoked on May 26, 2016. Finally, he waited until October 13, 2016, to be resentenced to the DOC.

¶34 Under these circumstances, at the time of his transfer to the DOC, the court should have given the defendant the following types of credit: (1) presentence confinement credit for any time he spent in jail awaiting his original sentence to community corrections—that presentence confinement is not at issue here; (2) credit for time served for any time he spent in jail after the sentencing as he waited for a bed to become available at community corrections; (3) credit for time served for any time he spent in residence at community corrections—he should not be given any credit for any time he served in a nonresidential community corrections, if any, *see People v. Hoecher*, 822 P.2d 8, 10 (Colo. 1991); and (4) credit for time served for the time he spent in jail awaiting his transfer to the DOC.

¶35 My point is that the time the defendant spent in jail waiting to be transferred to the DOC was part of his community corrections sentence. After all, as the majority correctly points out, the defendant was being held on a no-bond warrant at that time. Why? Because he was serving a sentence. Hence, it is not *presentence* confinement. It is *postsentence* confinement. As a result, that time should be treated as time served.

2

¶36 By treating the time that the defendant was incarcerated as time served, the defendant gets the full credit for the time he served on the sentence itself, and the court need not engage in the substantial nexus analysis. That avoids questions about whether the defendant would have remained confined. It only asks whether the defendant was in fact confined. In my view, treating the time that the defendant spent in jail from May 26, 2016, to October 13, 2016, waiting to be transferred to the DOC as part of his community corrections sentence and not as presentence confinement is less complicated, and it gives the defendant the credit for the time he actually served on a sentence. Further, treating the time in question as credit for time served would make overruling the recently decided case of *People v. Torrez*, 2017 CO 91, 403 P.3d 189, unnecessary.

¶37 Hence, I concur in the judgment only.

I am authorized to state that CHIEF JUSTICE COATS joins in this concurrence in the judgment only.